NANCY B. ROGERS and Husband, L. W. ROGERS, Petitioners, v. C. LEC-TON BRANTLEY; SOUTHERN BOND AND MORTGAGE COMPANY, INC.; JESSIE C. BRANTLEY, G. B. BRANTLEY and Wife KATHERINE T. BRANTLEY, Defendants.

(Filed 7 November, 1956.)

**Appeal and Error § 3—**

An appeal from orders allowing attorneys of record to withdraw from the case and as commissioners to sell the lands in controversy, and for allowance of reasonable attorney's fees, will be dismissed *ex mero motu* as fragmentary and premature, the proceeding for the sale of the land being pending in the Superior Court.

Johnson, J., not sitting.

Appeal by petitioner Nancy B. Rogers and by defendant Southern Bond & Mortgage Company, Inc., respectively, from *Hobgood, J.,* at Regular March 1956 Term, of Wake.

Special proceeding instituted 13 January, 1953, for the sale of real estate for partition among petitioners and defendants as tenants in common.

It appears in the record docketed in this Court that in March 1956 petitions were filed: (1) By Robert B. Broughton, to be permitted to withdraw as counsel for petitioners and as commissioner to sell the property involved in the proceeding, and for an allowance of reasonable attorney's fees payable out of the proceeds on deposit with Clerk of Superior Court; and (2) by J. L. Emanuel to be permitted to withdraw as counsel of record for G. B. Brantley and Southern Bond & Mortgage Company, Inc., and as commissioner, and for an allowance of reasonable attorney's fees as attorney for the said parties; and that upon said petitions orders were entered at March Term 1956, to which petitioners and defendants, respectively, excepted and gave notice of appeal, and appealed to the Supreme Court, and assign error.

*Taylor & Mitchell for Appellants.*
*J. L. Emanuel and Robert B. Broughton for Appellees.*

PER CURIAM. It being made to appear to this Court in connection with motion suggesting diminution of record that this special proceeding is still pending in the Superior Court, and that no final judgment has been entered, this Court holds *ex mero motu* that the appeals are fragmentary and premature, and, therefore, must be dismissed,—and it is so ordered, preserving, nevertheless, exceptions of the respective parties to the said orders, staying execution of the orders, and holding *in statu quo* sufficient funds in the hands of the Clerk of Superior Court for compliance with said orders, if eventually approved, all pending final determination of the proceeding.

Appeal dismissed.

JOHNSON, J., not sitting.