PATRICIA T. BAILEY and ELBERT L. BAILEY, JR. v. MARVIN C. GOODING, SEASHORE TRANSPORTATION COMPANY AND CAROLINA COACH COMPANY

No. 88

(Filed 7 October 1980)

**Appeal and Error § 6.2– order setting aside default judgment – order interlocutory – no substantial right affected – order not appealable**

An order of the trial court allowing a motion pursuant to G.S. 1A-1, Rule 60(b) to set aside a default judgment was interlocutory and not appealable, and the Court of Appeals should have dismissed the appeal, even though the question of appealability was not raised by the parties. Furthermore, the order setting aside default judgment did not affect a substantial right of plaintiffs, the avoidance of a full trial on the merits not being a substantial right in this case.

Justice BROCK did not participate in the consideration or decision of this case.

ON appeal as a matter of right pursuant to G.S. 7A-30(2) from the decision of the Court of Appeals, 45 N.C. App. 335, 263 S.E. 2d 634 (1980), one judge dissenting.

We consider whether an interlocutory order allowing a motion pursuant to Rule 60(b), N.C. Rules of Civil Procedure, to set aside a default judgment is appealable.

*Freeman, Edwards & Vinson, by George K. Freeman, Jr., and Narron, Holdford, Babb, Harrison & Rhodes, P.A., by William H. Holdford, for plaintiff-appellants.*

*Young, Moore, Henderson & Alvis, by B.T. Henderson, II, and Walter E. Brock, Jr., for defendant-appellees.*

CARLTON, Justice.

I.

The procedural quagmire that confronts us here is best unraveled by a chronological account of the proceedings in the trial court.

This controversy arose from a collision between a bus and an automobile on 6 February 1977. The plaintiffs filed complaint on 16 June 1977 and all defendants were duly served. On 7 July 1977, W.S. Pearce, Jr., a representative of defendants' insurance carrier, called on plaintiffs' attorney, George K. Freeman, Jr. The following day Freeman wrote Pearce confirming their understanding that no default judgment would be taken "until our negotiations break down." Pearce was to get back in touch with Freeman around the first of August. Freeman also wrote, "At that time if the negotiations break down we will give you additional time within which to secure counsel and file answer." For reasons not important to this decision, Pearce and Freeman did not get back together and on 6 October 1977 plaintiffs filed a calendar request for a hearing on a motion in the case and mailed a copy to each defendant. The request did not specify the nature of the motion.

On 17 October 1977 plaintiffs' attorney filed motion for entry of default pursuant to Rule 55, N.C. Rules of Civil Proce-

dure. The motion was allowed by the clerk on that date. On 18 October 1977 Freeman received a letter from B.T. Henderson stating that his firm had been retained in the case to represent defendants. Enclosed with the letter was a stipulation extending the time for answer for thirty days which Henderson requested Freeman to sign. Instead, Freeman called Henderson and advised "that default had been entered the previous day."

On 20 October 1977 plaintiffs filed motion for default judgment. On 28 October defendants filed a motion pursuant to Rule 55, N.C. Rules of Civil Procedure, for an order setting aside the entry of default and a "Response to Motion For Default Judgment." These motions were brought before Judge Friday on 9 November 1977 who deferred ruling until receipt of medical evidence. Defendants filed answer on 22 November 1977.

A hearing was held on 6 February 1978 before Judge David I. Smith who entered (1) an order denying defendants' motion to set aside the clerk's entry of default because defendants' failure to plead or appear "was not due to any of the reasons justifying relief set out in Rule 60(b)" and because good cause had not been shown, and (2) a judgment that plaintiffs have and recover such damages as a jury might determine. It was also ordered that the matter be placed on the trial calendar for determination of damages by the jury. Defendants excepted to both. No jury trial for damages has been held.

On 2 June 1978, defendants filed a motion pursuant to Rule 60(b), N.C. Rules of Civil Procedure, to set aside the default judgment. On 5 March 1979, prior to the hearing on the motion, defendants filed an Offer of Judgment in the amount of $4,500.00, pursuant to Rule 68 of the N.C. Rules of Civil Procedure. The motion was heard by Judge Stevens. He entered an order filed 9 May 1979 that entry of default on 17 October 1977 and default judgment entered on 6 February 1978 both be stricken on grounds of mistake, inadvertence, surprise and excusable neglect.

Plaintiffs excepted and appealed to the Court of Appeals. That court vacated Judge Stevens' order granting the Rule 60(b) motion, noting that a Rule 60(b) motion is proper only when a *final* default judgment has been entered (as opposed to

a judgment that requires that damages be determined by a jury trial) and that one superior court judge cannot overrule another. The Court of Appeals also remanded the cause to the trial court to determine whether good cause was shown to set aside the entry of default, noting that Judge Smith erred in applying the stricter standards of Rule 60(b) in lieu of the "good cause" standard of Rule 55(d).

Judge Clark concurred in the result only "because it more closely approximates the result that would be reached if the appeal should be dismissed." He would have dismissed the appeal because the judgment appealed from was interlocutory and not appealable. Judge Hedrick dissented, voting to vacate Judge Stevens' order and to remand the proceeding to the superior court for trial on the issue of damages.

We think the Court of Appeals improperly considered the case on its merits and reverse.

## II.

The threshold question which should have been considered by the Court of Appeals, although not argued by either party before that court,[1] was whether an appeal lies from Judge Stevens' order. It is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves. *Dickey v. Herbin*, 250 N.C. 321, 108 S.E. 2d 632 (1959); *Rogers v. Brantley*, 244 N.C. 744, 94 S.E. 2d 896 (1956). We therefore do not address the various matters considered by the Court of Appeals. This appeal was premature and the action should first run its course in the trial court.

Judicial judgments, orders and decrees are either "interlocutory or the final determination of the rights of the parties." G.S. 1A-1, Rule 54(a) (1969). Judge Ervin noted the difference between the two in *Veazey v. Durham:*

---

[1] Defendants' motion to dismiss the appeal as interlocutory was denied by a different panel of judges on 28 June 1979.

> A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. ... An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

231 N.C. 354, 361-62, 57 S.E. 2d 377, 381 (1950) (citations omitted). While final judgments are always appealable, interlocutory decrees are immediately appealable only when they affect some substantial right of the appellant and will work an injury to him if not corrected before an appeal from final judgment. *Id.* at 362, 257 S.E. 2d at 381; G.S. § 1-277 (Cum. Supp. 1979). "A nonappealable interlocutory order ... which involves the merits and necessarily affects the judgment, is reviewable ... on appropriate exception upon an appeal from the final judgment in the cause." *Veazey v. Durham,* 231, N.C. at 362, 57 S.E. 2d at 381.

These rules are designed to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard. *Waters v. Personnel, Inc.,* 294 N.C. 200, 240 S.E. 2d 338 (1978); *Raleigh v. Edwards,* 234 N.C. 528, 67 S.E. 2d 669 (1951). "There is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey v. Durham,* 231 N.C. at 363, 57 S.E. 2d at 382; *see also Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979).

Unquestionably, the order of Judge Stevens setting aside the default judgment is interlocutory; it does not finally dispose of the case and requires further action by the trial court. Because the order is interlocutory we will not review it unless it "affects some substantial right claimed by the appellant and will work an injury to him if not corrected before an appeal from the final judgment." *Veazey v. Durham,* 231 N.C. at 362, 57 S.E. 2d at 381, *see* G.S. § 1-277.

The "substantial right" test for appealability is more easily stated than applied. The question before the Court in *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978), was the appealability of an order setting aside a summary judgment. In concluding that such an order does not affect a substantial right, the Court considered the determinative factor to be that the appellant's rights would be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment. The Court also noted that the only burden suffered by the appellant because of its inability to take an immediate appeal was the necessity of rehearing its summary judgment motion. *Id.* at 208, 240 S.E. 2d at 344.

Because the factors considered in *Waters* fully effectuate the policy behind the appealability rule, we will follow the approach used by the *Waters* Court. Plaintiff-appellants' objection to Judge Stevens' order setting aside default judgment and entry of default have been preserved by an exception to that order. If the ultimate result of a trial on the merits goes against plaintiffs, they will then be able to appeal and assign as error the order setting aside their default judgment. No right of plaintiffs will be lost by delaying their appeal until after final judgment; their exception fully and adequately preserves their challenges to Judge Stevens' order. The absence of a right of immediate appeal will force plaintiffs to undergo a full trial on the merits instead of a trial solely on the issue of damages. Although this is a much greater burden than the necessity of a rehearing of a motion, we do not think it so difficult a burden, on the facts of this case, to elevate the order to the status of affecting a "substantial right." Avoidance of a trial, in this context, is not a "substantial right." *See Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *cf. Acoustical Co. v. Cisne and Associates, Inc.*, 25 N.C. App. 114, 212 S.E. 2d 402 (1975) (order setting aside entry of default not appealable).

For a collection of representative cases holding interlocutory orders not appealable, see *Waters v. Personnel, Inc.*, 294 N.C. at 208-09, 240 S.E. 2d at 344.

We recognize the discretionary authority of the Court of Appeals to treat a purported appeal as a petition for writ of

Bailey v. Gooding

certiorari and to issue its writ in order to consider the appeal. G.S. § 7A-32(c) (1969); Rule 21, North Carolina Rules of Appellate Procedure. There is no record of any such action having been taken. It is noted that another panel of the Court of Appeals denied a motion to dismiss the appeal. The majority opinion of the Court of Appeals recites only that the court was reviewing the order of Judge Smith in its discretion. There is no such recital of the grounds upon which that court reviewed the order of Judge Stevens, the order from which this appeal was taken. We also recognize that we could, in the exercise of our supervisory powers, elect to consider the appeal on its merits. N.C. Const., art. IV, § 12(1); G.S. § 7A-32(b) (1969). We decline to do so for the reasons stated above and because we strongly feel that fragmented appeals such as that here presented seriously encroach upon judicial time and effort and threaten the orderly administration of justice.

The Court of Appeals, therefore, erred by not dismissing the appeal *ex proprio motu.* The cause must be returned to the trial court for trial on the merits. Any procedural matters to which the parties take exception may later be considered on appeal of this cause in its entirety should the matter again be brought before the appellate division.

The decision of the Court of Appeals is vacated and this cause is remanded to it with instructions that it enter an order dismissing the appeal.

Vacated and remanded.

Justice BROCK did not participate in the consideration or decision of this case.