C. S. ATKINS AND WIFE, MAGALENE ATKINS, AND JAMES W. HOOTS AND WIFE, LOIS HOOTS, PLAINTIFFS v. WILLIAM F. BEASLEY AND WIFE, VIRGINIA BEASLEY, ALVIN R. REID AND WIFE, JANIE D. REID, B. A. SLATE AND R. L. JOHNSON, DEFENDANTS

No. 8021SC700

(Filed 7 July 1981)

1. Appeal and Error § 6.2— partial summary judgment ordering specific performance — right of appeal

The trial court's grant of partial summary judgment ordering specific performance of a contract by defendants affected a substantial right of defendants which will work an injury to them if not corrected before an appeal from a final judgment and is immediately appealable.

2. Specific Performance § 1— specific performance of contract — error in granting summary judgment

The trial court erred in entering partial summary judgment ordering three defendants to perform specifically a contract which required the three defendants to bear the expense of installing drain tile through subdivision lot 12B owned by the other two defendants if anyone owning lots 9, 10, or 12B of the subdivision "should ever complain or demand that tile be installed on or through Lot 12B . . . so that they can get proper drainage, if needed" where the evidence showed that the owners of lots 9 and 10 had demanded that tile be installed through lot 12B so that they could get proper drainage for their property, but a genuine issue of disputed fact existed as to whether there was a need for the drainage tiles.

APPEAL by defendants Alvin R. Reid and wife, Janie D. Reid, William F. Beasley and wife, Virginia Beasley, and B. A. Slate from *McConnell, Judge.* Judgment entered 27 March 1980 in Superior Court, FORSYTH County. Heard in the Court of Appeals 9 February 1981.

Plaintiffs filed suit seeking, among other things, specific performance of an agreement [hereinafter "the agreement"] between the defendant, William F. Beasley and the defendants Reid and Slate. The agreement, dated 16 October 1969, provides in pertinent part that if any person owning lots 9, 10 and 12B of Holiday

Heights subdivision "should ever complain or demand that tile be installed on or through Lot 12B of same development so that they can get proper drainage, if needed, that Alvin R. Reid and wife, Janie D. Reid and B. A. Slate shall bear the expense and that there shall be no expense to the said William F. Beasley."

In October, 1969, plaintiffs Hoots purchased a house on lot 9 of Holiday Heights. In January 1975, plaintiffs Atkins purchased a house on Lot 10 of Holiday Heights. Plaintiffs allege in their complaint that on 3 July 1978 a substantial rainfall caused flooding which damaged their property. Water problems and flooding had created a problem on many occasions both before and after 3 July 1978.

Subsequently, plaintiffs gave formal notice and demand to the defendants that they wanted the drainge problem corrected. Defendants refused to replace the drain on Beasleys' land and plaintiffs instituted this suit for specific performance as third-party beneficiaries of the 16 October 1969 agreement.

In addition to their request for specific performance of the agreement, in their complaint plaintiffs sought the following remedies based on their claims against the defendants:

(1) a mandatory injunction ordering defendants Beasley to improve the drainage system carrying water from plaintiffs' property due to their unlawful damming of surface waters flowing from plaintiffs' property;

(2) a court order requiring defendant Johnson to redesign and pay for all costs of improving the drainage system on plaintiffs' property;

(3) recovery by plaintiffs Atkins of damages in the amount of $19,061.34 from defendant Johnson for his negligent failure to correct that portion of the drainage system located on a right-of-way owned by the State of North Carolina, acting individually and as an agent of the State.

(4) recovery by plaintiffs Hoots of damages in the amount of $15,992.37 from defendant Johnson for his negligent failure to correct that portion of the drainage system located on a right-of-way owned by the State of North Carolina, acting individually and as an agent of the State.

(5) recovery of attorneys' fees and costs.

On 30 May 1979 defendant Johnson filed a motion to dismiss on grounds which included sovereign immunity. The record does not disclose whether that motion was ruled upon by the trial court.

On 1 June 1979 defendants Beasley filed a motion to dismiss plaintiffs' claim against defendant Virginia Beasley since she was not a party to the agreement, an answer to the complaint, and a crossclaim against defendants Reid and Slate for recovery of $10,000.00 in damages for breach of contract.

On 14 June 1979 defendants Reid answered the complaint and crossclaimed against defendant Slate for one-half of any amounts they were required to pay under the agreement. They answered defendants Beasley's crossclaim with allegations denying any breach of the agreement.

On 5 July 1979 defendant Slate filed an answer to plaintiffs' complaint and crossclaimed against defendants Reid for two-thirds of any amounts he was required to pay under the agreement. He answered defendants Beasley's crossclaim by admitting the agreement and denying the remaining allegations. He answered defendants Reid's crossclaim by alleging that he should be required to bear only one-third of any expenses incurred pursuant to the agreement.

Defendants Reid replied to defendant Slate's crossclaim by moving that it be dismissed.

After other procedural steps were taken which are not pertinent to this appeal, plaintiffs moved for summary judgment in their favor against defendants Beasley, Reid and Slate for specific performance of the agreement. On 27 March 1980 the trial court entered a partial summary judgment ordering defendants Alvin R. Reid and Slate to replace the existing concrete pipe with 48" concrete pipe and to do and perform all acts necesssary to provide proper drainage.

Defendants Beasley, Reid and Slate appealed.

*Craige, Brawley, Lüpfert & Ross, by C. Thomas Ross and Terrie A. Davis, for the plaintiffs-appellees.*

*Badgett, Calaway, Phillips, Davis, Stephens, Peed & Brown by Chester C. Davis, for the defendant-appellant B. A. Slate.*

*Womble, Carlyle, Sandridge, & Rice, by Allan R. Gitter and James M. Stanley, Jr., for the defendants-appellants Alvin R. and Janie D. Reid.*

*William Z. Wood, Jr., for the defendants-appellants William F. and Virginia Beasley.*

MARTIN (Robert M.), Judge.

[1] The threshold question which we must consider, although not argued by the parties in their briefs, is whether an appeal lies from Judge McConnell's entry of partial summary judgment in plaintiffs' favor. If this is a fragmentary, and therefore premature, appeal, we must dismiss the appeal *ex mero motu. Bailey v. Gooding*, 301 N.C. 205, 270 S.E. 2d 431 (1980).

A party has a right to appeal a judgment of a trial court under N.C. Gen. Stat. §§ 1-277 and 7A-27 if the judgment is (1) a final order, or (2) an interlocutory order affecting some substantial right claimed by the appellant which will work an injury to him if not corrected before an appeal from a final judgment. *Bailey v. Gooding, supra; Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Veazey v. Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Bailey v. Gooding, supra* at 209, 270 S.E. 2d at 433, quoting *Veazey v. Durham, supra* at 361-2, 57 S.E. 2d at 381. Clearly the judgment in question is not a final judgment, as plaintiffs' claims against defendant Johnson and defendants' various crossclaims remain to be tried.

The question remains whether the partial summary judgment in question affects some substantial right claimed by defendants which will work an injury to them if not corrected before an appeal from a final judgment. *Bailey v. Gooding, supra; Industries, Inc. v. Insurance Co., supra; Veazey v. Durham, supra.* Our research has failed to disclose any opinion rendered by the appellate courts of this State deciding the question of whether the

grant of a partial summary judgment ordering defendants to specifically perform a contract is immediately appealable. We are aware of three cases, however, which we feel are analogous to the present case. In *Investments v. Housing, Inc.*, 292 N.C. 93, 232 S.E. 2d 667 (1977), the Supreme Court, reversing this Court, held that the grant of a partial summary judgment for a monetary sum against the defendant affected a substantial right of the defendant and would work an injury to it if not corrected before an appeal from a final judgment; therefore the judgment was appealable under the "substantial right" exception provided in N.C. Gen. Stat. § 1A-1, Rule 54(b) through N.C. Gen. Stat. §§ 1.277 and 7A-27(d). In *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92 (1980) this Court also held, citing *Investments, supra*, that the trial court's entry of a partial summary judgment for a monetary sum against the defendant affected a substantial right of the defendant and was therefore immediately appealable under N.C. Gen. Stat. §§ 1-277 and 7A-27. In the case of *English v. Realty Corp.*, 41 N.C. App. 1, 254 S.E. 2d 223, *rev. denied*, 297 N.C. 609, 257 S.E. 2d 217 (1979), this Court held that the grant of a partial summary judgment for plaintiffs on the issue of liability which included a mandatory injunction ordering defendant to remove a roadway affected a substantial right of the defendant and was immediately appealable. Based on these cases, we conclude that the grant of the partial summary judgment in the present case, ordering defendants Beasley, Alvin R. Reid and Slate to specifically perform the agreement affects a substantial right of these defendants and, if it is improper, will work an injury to them if not corrected before an appeal from a final judgment. We therefore hold that pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27, these defendants had the right to appeal immediately the grant of said judgment and, as they have complied with the requirements of the Rules of Appellate Procedure in all respects, their appeal is properly before this Court. We note, however, that the partial summary judgment does not order defendant Janie D. Reid to do anything and, therefore, she is not an aggrieved party and has no right to appeal the judgment in question. *Coburn v. Timber Corporation*, 260 N.C. 173, 132 S.E. 2d 340 (1963).

[2]   We next turn to the question of whether the trial court erred in granting plaintiffs' motion for partial summary judgment.

N.C. Gen. Stat. § 1A-1, Rule 56 is not limited in its application to any particular type or types of action. *McNair v. Boyette*, 282 N.C. 230, 192 S.E. 2d 457 (1972). Summary judgment may be granted for any type of claim, *Conner Co. v. Spanish Inns*, 294 N.C. 661, 242 S.E. 2d 785 (1978), including a claim for specific performance of a contract. *See Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). When a party moves for summary judgment, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). This procedure is available to both plaintiff and defendant. *McNair v. Boyette, supra.*

The first question which confronts us in deciding whether the trial court was correct in granting plaintiffs' motion for summary judgment is whether plaintiffs showed there was no genuine issue as to any material fact. The burden of establishing the lack of any triable issue of fact is on the party moving for summary judgment. *North Carolina National Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). When the party moving for summary judgment supports his motion as provided in Rule 56, the party opposing the motion

> may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

N.C. Gen. Stat. § 1A-1, Rule 56(e); *Kidd v. Early, supra.*

We note that the following facts are not in issue: (1) On or about 16 October 1969 defendants William F. Beasley, Alvin R. and Janie D. Reid and B. A. Slate executed an agreement which required defendants Reid and defendant Slate to bear the expense of installing drain tile on or through Lot 12B, owned by defendants Beasley, if anyone owning Lots 9, 10, and 12B of Holiday Heights Subdivision "should ever complain or demand that tile be installed on or through Lot 12B . . . so that they can get proper drainage, if needed. . . ." The agreement also provided

that "there shall be no expense to the said William F. Beasley" and that defendant William F. Beasley agreed to allow defendants "Alvin R. Reid and B. A. Slate [to] install the tile, if ever needed, providing that they sow his yard and repair in good condition;" (2) plaintiffs are the present owners of Lots 9 and 10 of Holiday Heights Subdivision; and (3) plaintiffs had complained and demanded that tile be installed on or through Lots 12B so that they can get proper drainage for their property.

There is a genuine issue of disputed fact, however, as to whether there is a need for the drainage tile. Defendant Slate's verified answer denied the alleged need for drainage tile. The response of defendants Reid to the motion for summary judgment denied the need alleged, and the response of defendant Slate also raised the question of whether there is a need for the installation of the drainage tile. The plaintiffs' complaint alleged that an agent of the State had repeatedly stated that plaintiffs' drainage was adequate but that the catch basin, located on the State right-of-way was the cause of plaintiffs' problems. This is clearly a material question of fact as the agreement provides that the drainage "tile shall be installed on or through Lot 12B of same development so that they can get proper drainage, *if needed*. . . ." (Emphasis added.) For these reasons, summary judgment was not proper in this case and the partial summary judgment must be reversed.

Defendant Janie D. Reid also assigns as error the trial court's denial of her motion for summary judgment. She moved for summary judgment in her favor on the grounds that the agreement was unenforceable as to her due to lack of consideration. Generally, denial of a motion for summary judgment is not immediately appealable. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). We fail to see how denial of Mrs. Reid's motion affects a substantial right. We therefore dismiss her appeal from that order because it is a fragmentary, and therefore premature, appeal. N.C. Gen. Stat. §§ 1-277 and 7A-27. *See Hill v. Smith*, 38 N.C. App. 625, 248 S.E. 2d 455 (1978).

The result of our decision is as follows: (1) defendant Janie D. Reid's appeal of the 27 March 1980 partial summary judgment is dismissed because she was not an aggrieved party to that judgment; (2) the order granting plaintiffs' motion for partial sum-

mary judgment is reversed because a genuine issue of material fact exists as to whether there is a need for the drainage tile; and (3) defendant Janie D. Reid's appeal of the 15 October 1979 order denying her motion for summary judgment is dismissed because it is a premature appeal.

Appeal dismissed in part and reversed in part.

Chief Judge MORRIS and Judge WHICHARD concur.