BLUE RIDGE SPORTCYCLE COMPANY, INC., AND JOHN K. JONAS, JR. v. LEONARD SCHROADER AND WIFE, KATHY SCHROADER, INDIVIDUALLY; SCHROADER MOTORCYCLE, INC. D/B/A SCHROADER HONDA-KAWASAKI; KATHERINE J. WALDROP; LINDA JANETTE HOLCOMBE; LARRY D. HOLCOMBE; AND DENNIS J. WINNER

No. 8028SC1122

(Filed 4 August 1981)

**Appeal and Error § 6.2— summary judgment as to one party—premature appeal**

Plaintiffs had no right to an immediate appeal from summary judgment granted to defendant attorney where plaintiffs sought to recover against defendant attorney only if they were unable to recover against the other defendants on their primary claims. G.S. 1A-1, Rule 54(b); G.S. 1-277; G.S. 7A-27(d).

APPEAL by plaintiffs from *Thornburg, Judge.* Judgment entered 20 June 1980 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 8 May 1981.

This is an appeal from summary judgment for defendant Winner, an attorney, on plaintiffs' third claim for relief, no disposition having been made on plaintiff's first and second claims against the other defendants.

THE COMPLAINT

The plaintiffs are Blue Ridge Sportcycle Company, Inc., (hereinafter referred to as "Blue Ridge") and Jonas, owner of all the Blue Ridge stock. On 17 February 1970 the defendants Waldrop and Holcombe were lessees of a building on Patton Avenue in Asheville and on that date subleased the property to Blue Ridge for a period ending in March 1986.

After subletting, Blue Ridge made additions to the building and other improvements having a market value of $60,000.

On 28 August 1975, Blue Ridge assigned its sublease to R. C. Muse, who agreed to pay and did pay (1) to defendants Holcombe

and Waldrop the sum of $500 per month and (2) to Blue Ridge the sum of $500 per month for its leasehold improvements.

In June 1976 plaintiffs and Muse with their attorneys (defendant Winner representing plaintiffs), entered into negotiations for a new sublease to change the manner and form in which Muse made lease payments to defendants Holcombe and Waldrop, but to continue making the $500 monthly payments to plaintiffs for leasehold improvements. One of the documents prepared by the attorney was a "Release," which acknowledged that Blue Ridge had defaulted in lease payments to defendants Waldrop and Holcombe, that a new tenant had been procured, and provided that each released the other from "any and all claims and demands."

During the Fall of 1976 Muse sold his motorcycle business to defendants Schroader, who agreed to make the lease payments to Holcombe and Waldrop and also to pay plaintiffs $500 per month for the leasehold improvements.

Defendants Schroader thereafter paid plaintiffs $500 per month as agreed up to and including July of 1977, when they ceased making the payments.

In their first and second claims plaintiffs sought to recover payment for their leasehold improvement for the period from 1 July 1977 to 1 March 1986. In their third claim the plaintiffs seek in the alternative to recover from defendant Winner if they do not recover on their first and second claims on the ground that Attorney Winner in representing plaintiffs was negligent in preparing and having Blue Ridge execute the aforesaid "Release" without otherwise protecting plaintiffs' leasehold interests, resulting in the discontinuance of the $500 monthly payments for leasehold improvements.

THE SUMMARY JUDGMENT

Defendant Winner, after filing answer denying negligence, moved for summary judgment supported by the pleadings, various depositions, and exhibits.

The trial court, after hearing, found no genuine issue of material fact and allowed the motion.

*Russell L. McLean, III for plaintiff appellant.*

*Morris, Golding, Blue and Phillips by William C. Morris, Jr., for defendant appellee, Winner.*

CLARK, Judge.

The threshold question before this Court, though not argued by either party, is whether an appeal lies from the summary judgment for the defendant Winner. It is established that if an appealing party has no right of appeal, an appellate court on its own motion, should dismiss the appeal even though the question of appealability has not been raised by the parties themselves. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E. 2d 431 (1980); *Dickey v. Herbin,* 250 N.C. 321, 108 S.E. 2d 632 (1959); *Rogers v. Brantley,* 244 N.C. 744, 94 S.E. 2d 896 (1956).

In a multiple claim or multiple party action, an appeal from a summary judgment granted for one party or on one claim is premature if the trial court does not make a determination under G.S. 1A-1, Rule 54(b) that there was no just reason for delay, unless a substantial right is involved as provided by G.S. 1-277 and G.S. 7A-27(d). *Oestreicher v. Stores,* 290 N.C. 118, 225 S.E. 2d 797 (1976); *Newton v. Insurance Co.,* 291 N.C. 105, 229 S.E. 2d 297 (1976).

Since the trial court made no finding under Rule 54(b) that there was no just reason for delay, we must determine if plaintiffs had the statutory right of appeal under G.S. 1-277 and G.S. 7A-27(d) because a substantial right is involved. We conclude that there is no substantial right involved and that the appeal is premature.

In their first two claims for relief, plaintiffs allege that defendants Schroader, lessees, agreed to pay plaintiffs for their leasehold improvements, and that the release was executed and delivered to defendants Holcombe and Waldrop, lessors, without the knowledge and consent of plaintiffs, and that said defendants relying on said release fraudulently entered into a direct sublease with defendants Schroader with intent to defraud the plaintiffs. The third claim for relief against defendant Winner for malpractice was in the alternative, "if and in the event the Court should find that the plaintiffs should not recover and shall not recover

under its claims for relief set forth under One and Two above . . . ."

Since plaintiffs seek to recover against defendant Winner only if they are unable to recover against the other defendants on their primary claims, the primary claims must first be determined. Only if the court determines that plaintiffs cannot recover on their primary claims can plaintiffs' right to recover from defendant Winner be affected by the summary judgment for Winner. If the plaintiffs should recover against the other defendants on either one or both of the primary claims, plaintiffs under the pleadings could not and do not seek to recover against defendant Winner for malpractice.

The summary judgment is not appealable on the theory that it affects a substantial right of the plaintiffs and will work injury to plaintiffs if not corrected before a trial and appeal from final judgment on the primary claims. If the summary judgment for defendant Winner is in error, plaintiffs can preserve their right to complain of the error by a duly entered exception, and may appeal after adverse judgment on the primary claims. If plaintiffs should recover against the other defendants on their primary claims, there would be no basis for an appeal from the summary judgment against defendant Winner; if plaintiffs do not recover on their primary claims, they may then appeal from the summary judgment. *See Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979).

The courts do not favor a piecemeal appeal in a Rule 54(b) situation. *See* W. Shuford, N.C. Civil Practice and Procedure § 54-5 (1975). But the appeal from the summary judgment in this case is also objectionable in that, though on its face a final judgment, it is actually a conditional one that would adversely affect the plaintiffs only if and when it is determined that they cannot recover on their primary claims. At this stage of the proceeding the appeal is premature, and this Court, if it now entertained the appeal, would be giving an advisory opinion on a matter that will not be in controversy if subsequently plaintiffs do recover on their primary claims. The summary judgment is not final but interlocutory because further judicial action is necessary in order fully and finally to settle the rights of the parties. An order is interlocutory "if it does not determine the issues but directs some

further proceeding preliminary to final decree." *Greene v. Laboratories, Inc.*, 254 N.C. 680, 693, 120 S.E. 2d 82, 91 (1961).

The appeal from the summary judgment is in violation of G.S. 1-277 and G.S. 7A-27 which prohibits appeal from an interlocutory order and also in violation of G.S. 1A-1, Rule 54(b) which prohibits appeal from a judgment which adjudicates fewer than all of multiple claims, it appearing that plaintiffs are not now deprived of a substantial right. The reason for these statutes and rules is "to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters v. Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E. 2d 338, 343 (1978).

The appeal is

Dismissed.

Judges MARTIN (Robert M.) and WELLS concur.