JAMES CLEVENGER v. PRIDE TRIMBLE CORPORATION AND W2, INCORPORATED

No. 8920SC598

(Filed 19 December 1989)

**Appeal and Error § 6.2 (NCI3d) — summary judgment for fewer than all parties — premature appeal**

Plaintiff's appeal was premature where summary judgment was allowed for fewer than all the defendants, and the order allowing summary judgment did not affect a substantial right.

**Am Jur 2d, Appeal and Error § 104.**

Judge PHILLIPS dissenting.

APPEAL by plaintiff from order entered 6 February 1989 by *Judge William H. Freeman* in MOORE County Superior Court. Heard in the Court of Appeals 9 October 1989.

Plaintiff filed this civil action seeking damages for the alleged conversion of plaintiff's chattels by defendants and for the unauthorized use of plaintiff's telephone by defendants. On 21 December 1988, defendant, Pride Trimble Corporation [hereinafter Pride Trimble], moved for summary judgment. On 6 February 1989, the trial judge entered an order granting Pride Trimble's motion for summary judgment and dismissing plaintiff's action against it. Plaintiff appealed.

CLEVENGER v. PRIDE TRIMBLE CORP.

[96 N.C. App. 631 (1989)]

*Brown, Robbins, May, Pate, Rich, Scarborough & Burke, by P. Wayne Robbins, for plaintiff appellant.*

*Poyner & Spruill, by Thomas H. Davis, Jr., for defendant appellee Pride Trimble.*

ARNOLD, Judge.

Although the issue was not raised by either party, we must initially determine whether plaintiff's appeal is premature. Where summary judgment is allowed for fewer than all the defendants and the judgment does not contain a certification pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is "no just reason for delay," a plaintiff's appeal will be premature unless the order allowing summary judgment affects a substantial right. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982). "The 'substantial right' test for appealability is more easily stated than applied." *Bailey v. Gooding*, 301 N.C. 205, 210, 270 S.E.2d 431, 434 (1980). The substantial right question in each case is usually resolved by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978).

Having considered the particular facts and circumstances in this case we hold that the order allowing summary judgment for fewer than all the defendants in the present case does not affect a substantial right. Accordingly, plaintiff's appeal will be dismissed.

Dismissed.

Chief Judge HEDRICK concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

In holding that the order appealed from does not affect a substantial right, the majority failed to note that of the "particular facts" of the case the most significant is that the defendants are sued for the same wrongs, one as agent and the other as principal. Which means, of course, that the dismissal of plaintiff's action as to one defendant raises the possibility of two juries in two different trials reaching inconsistent verdicts on the same evidence, and this is a travesty no litigant in this state is required to suffer.

*Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982); *Oestreicher v. American National Stores, Inc.*, 290 N.C. 118, 225 S.E.2d 797 (1976), and many other cases. Furthermore, even if the appeal was technically premature, I would determine it on its merits rather than leave it to return later to the additional delay and inconvenience of the parties and this Court alike.