THOMAS BLYTHE v. REBECCA BRYANT BLYTHE

No. COA03-224

(Filed 2 March 2004)

**Appeal and Error— appealability—interlocutory order—order continuing show cause hearing**

Plaintiff's appeal in a divorce and equitable distribution case from the trial court's entry of an order continuing a show cause hearing and directing plaintiff to comply with a memorandum order is dismissed because: (1) the trial court's 8 November 2002

order is not a final judgment when it continues the cause so as to permit plaintiff additional time in which to comply or be held in contempt; and (2) it does not affect a substantial right for the purposes of N.C.G.S. § 1-277(a).

Appeal by plaintiff from order entered 8 November 2002 by Judge Spencer G. Key, Jr. in Stokes County District Court. Heard in the Court of Appeals 2 December 2003.

*R. Michael Bruce, attorney for plaintiff.*

*No brief filed for defendant.*

TIMMONS-GOODSON, Judge.

Thomas Blythe ("plaintiff") appeals the trial court's entry of an order continuing a show cause hearing and directing plaintiff to comply with a memorandum order entered on 5 July 2002. For the reasons stated herein, we dismiss the appeal.

The procedural history of this case is as follows: Plaintiff filed for divorce from bed and board from his wife, Rebecca Bryant Blythe ("defendant"), on 8 May 2002. Plaintiff also filed for injunctive relief related to equitable distribution. Defendant filed a counterclaim seeking post-separation support and alimony. On 5 July 2002, the parties, their respective attorneys, and the trial judge signed a partially typed, partially handwritten agreement entitled "Memorandum of Judgment/Order" ("memorandum order"). The memorandum order did not provide a date by which the property should be exchanged between plaintiff and defendant. On 26 September 2002, defendant filed a Motion to Show Cause praying that the trial court "issue an [o]rder to the Plaintiff to show cause if any exists, as to why he should not be held in contempt for violation of [the memorandum order] . . . ." Defendant alleges in her motion that plaintiff had not conveyed the marital home to defendant, transferred his 49% interest in the family business to defendant, executed a release of all claims against defendant, or entered into a separation agreement as required by the memorandum order.

This motion was heard before the trial court on 8 November 2002, at which time the trial court acknowledged that plaintiff had not complied with the memorandum order, and continued the show cause hearing until 26 November 2002. The trial court ordered plaintiff to comply with the memorandum order, stating that "[f]ailure to comply with this order shall subject the person in actual

possession [of the property] to contempt." It is from this order that defendant appeals.

---

The dispositive issue is whether the 8 November 2002 order is a final judgment from which an appeal may be taken. We conclude that it is not, and thus we dismiss this appeal.

N.C. Gen. Stat. § 1-277(a) (2003) states that

[a]n appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial.

Thus, "the right of appeal lies from the final judgment of [the trial court] or from an interlocutory order of the [trial court] which affects some substantial right." *Whalehead Properties v. Coastland Corp.*, 299 N.C. 270, 275, 261 S.E.2d 899, 903 (1980), *citing Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950), *and Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979). "A final judgment disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court, while an interlocutory ruling does not determine the issues but directs some further proceeding preliminary to the final decree." *Burwell v. Griffin*, 67 N.C. App. 198, 203, 312 S.E.2d 917, 920 (1984), *appeal dismissed*, 311 N.C. 303, 317 S.E.2d 678 (1984), *citing Atkins v. Beasley*, 53 N.C. App. 33, 279 S.E.2d 866 (1981), *and Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). "[O]rders and judgments which are not final in their nature, but leave something more to be done with the case, are not immediately reviewable. The remedy is to note an exception at the time, to be considered on appeal from final judgment." *Cox v. Cox*, 246 N.C. 528, 531, 98 S.E.2d 879, 882-83 (1957), *citing McIntosh, North Carolina Practice and Procedure, Second Edition, Section 1782(3)*.

In the present case, the trial court's order is not final, but leaves further action to be taken. Specifically, the 8 November 2002 order continues the cause so as to permit plaintiff additional time in which to comply or be held in contempt. For this reason, we conclude that the trial court's order is not a final judgment, nor does it affect a

substantial right for the purposes of N.C. Gen. Stat. § 1-277(a). Therefore, we dismiss the appeal.

Dismissed.

Judges WYNN and McCULLOUGH concur.