J. SAM JOHNSON, JR., Plaintiff,
v.
LEVI M. WRIGHT, JR., PATRICIA C. WRIGHT, HOFS, INC., and PRUDENTIAL CAROLINAS REALTY, INC., Defendants.
No. COA08-1093.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
J. Sam Johnson, Jr., pro se, plaintiff-appellant.
Wayne E. Crumwell, for defendant-appellees.
STEELMAN, Judge.
Plaintiff's appeal of an order granting a Rule 60(b) motion and setting aside a judgment is interlocutory and is dismissed.

I. Factual and Procedural Background
In early May of 2007, Levi M. Wright, Jr. ("Wright"), on behalf of HOFS, Inc., executed an "Offer to Purchase and Contract" for the purchase of a condominium unit from plaintiff for the price of $40,000.00. The contract provided for payment of an earnest money deposit in the amount of $1,000.00 to Prudential Carolinas Realty, Inc. ("Prudential"). As a condition of the contract, Wright had to obtain a loan on or before 25 May 2007 at an interestrate not to exceed 8.5% per annum. Wright failed to obtain such financing, and plaintiff demanded payment of the earnest money deposit from Prudential. Due to the purported refusal by Wright to sign a release, Prudential declined to refund the earnest money deposit to plaintiff and instead deposited the money into the office of the Clerk of Superior Court of Guilford County.
Plaintiff instituted this action on 17 August 2007 seeking damages, including the return of the earnest money deposit. Wright, on behalf of himself, his wife, and HOFS, Inc., filed a letter in response to the complaint on 31 August 2007. Prudential also filed an answer, motion to dismiss, and a motion for interpleader. The Clerk of Superior Court entered default against HOFS, Inc. on 2 October 2007. Plaintiff filed a motion for summary judgment on 9 October 2007. District Court Judge A. Robinson Hassell entered an order on 6 November 2007 granting summary judgment in favor of plaintiff. Wright and HOFS, Inc. subsequently retained an attorney, who filed a motion for relief from judgment pursuant to Rule 60(b) on 20 December 2007.
Judge Lillian Jordan heard and granted the motion for relief from judgment on the grounds that the notice of hearing on the motion for summary judgment mistakenly stated the hearing would be held on 26 November 2007 when the hearing was actually held on 5 November 2007. Consequently, not having received notice of the hearing, defendants did not appear before the court. Judge Jordan ordered plaintiff to return the earnest money to the Clerk of Court pending resolution of the case. Judge Jordan also ordered that the case be calendared for rehearing. From this order plaintiff appeals.

II. Interlocutory Nature of the Appeal
Since it orders further proceedings, Judge Jordan's order is interlocutory. See Veazey v. Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (defining an interlocutory order as one that does not dispose of the case, but leaves it for further action by the trial court), reh'g denied, 232 N.C. 744, 59 S.E.2d 429 (1950). The order does not affect a substantial right and is not immediately appealable. See Bailey v. Gooding, 301 N.C. 205, 210, 270 S.E.2d 431, 434 (1980)(holding an order granting a Rule 60(b) motion to set aside default judgment is not immediately appealable). As a result of the granting of the Rule 60(b) motion, plaintiff faces a hearing to ascertain his damages in this matter. Avoidance of a rehearing or trial is not a substantial right entitling an aggrieved party to a right of immediate appellate review. Blackwelder v. Dept. of Human Resources, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). "It is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." Bailey, 301 N.C. at 208, 270 S.E.2d at 433.
DISMISSED.
Judges HUNTER, ROBERT C. and JACKSON concur.
Report per Rule 30(e).