BRYANT, Judge.
Where defendant appeals from an interlocutory order which anticipates further judicial action and defendant sets forth no argument on appeal that this interlocutory order affects a substantial right, we dismiss.
On 3 May 1986, plaintiff Marcia Carlson Smith and defendant Stephen Smith were married. The parties separated on 1 November 2011. Thereafter, plaintiff filed claims for equitable distribution, post-separation support, and alimony in Lincoln County District Court. Defendant filed a counterclaim for equitable distribution. On 30 October 2013, Judge Ali B. Paksoy entered an order for post-separation support. On 2 December 2014, Judge Meredith A. Shuford entered an order of equitable distribution. Following a separate trial on alimony, Judge Shuford entered an order of alimony on 4 May 2015. Pursuant to the equitable distribution order, defendant was ordered to make distributions to plaintiff from his retirement account created pursuant to 26 U.S.C. § 401(k) : "The Court awards a total of $177,927.94 in a Qualified Domestic Relations Order on behalf of the Plaintiff. Defendant shall present the Qualified Domestic Relations Order transferring the above interest from his Wells Fargo 401(k) to the Plaintiff within 60 days of today's date." The alimony order also referenced 401(k) proceeds as follows:
In addition, the Court awarded [in the equitable distribution order] a total of $177,927.94 in a Qualified Domestic Relations Order for the benefit of the Plaintiff. As requested by the court [in this alimony case], the Plaintiff produced an estimate of her anticipated benefit from the QDRO which is approximately $494.00 per month.
Prior to the entry of the equitable distribution and alimony orders, defendant filed a voluntary petition under Chapter 13 of the United States Bankruptcy Code and "listed any potential amounts awarded Plaintiff as a result of her Equitable Distribution and Alimony claims as dischargeable debts." Following the entry of the equitable distribution and alimony orders, plaintiff filed an adversary proceeding in defendant's bankruptcy case requesting that her equitable distribution and alimony awards be deemed non-dischargeable domestic support obligations. Defendant moved to dismiss plaintiff's adversary proceeding.
On 10 June 2016, the parties to the bankruptcy proceeding appeared before the Honorable Laura Beyer of the United States Bankruptcy Court for the Western District of North Carolina for a pretrial conference. Judge Beyer entered a (conditional) order containing the following language relevant to this appeal:
[I]t appearing to the Court that after review of the Plaintiff's Complaint and Defendant/Debtor's Response, that issues of fact regarding the intent of the Honorable Meredith A. Shuford, District Court Judge presiding over Marcia Carlson Smith v. Stephen S. Smith , Case No 12 CVD 0129, District Court Division of Lincoln County, North Carolina regarding Equitable Distribution and Alimony issues are central to this Court's adjudication of the issues and can most effectively be determined by requesting clarification by the Honorable Judge Shuford of her intent;
And it appearing that counsel for the Plaintiff and Defendant are in agreement that a Supplemental Order by Judge Shuford, after opportunity of counsel to present arguments before Judge Shuford, would significantly assist in [sic] the Court in determining the nature of the distribution of the 401K proceeds in the Order of Equitable Distribution filed on December 2, 2014 and Order of Alimony filed on May 4, 2015.
WHEREFORE ...
The parties are hereby directed to petition the Honorable Meredith A. Shuford, District Court Judge presiding over Marcia Carlson Smith v. Stephen S. Smith , Case No 12 CVD 0129, District Court Division of Lincoln County, North Carolina for a hearing to request a Supplemental Order regarding her previous orders regarding Equitable Distribution and Alimony to address issues of the nature of the distribution of the 401K proceeds. [R. at 68].
Based on Judge Beyer's directive and the agreement of the parties in the bankruptcy case, plaintiff filed a motion on 2 November 2016 requesting that the court "state its intent ... as requested by the bankruptcy order."
Judge Shuford entered an order 20 March 2017 stating that "the 401(k) benefits which were to accrue to [plaintiff] were in the nature of support and were considered as such by the court." The order illustrated as follows:
a. In determining the duration of [defendant's] alimony obligation, the court factored in the amount of money that would be available to [plaintiff] on a monthly basis upon her retirement from her share of [defendant's] 401(k).
b. When entering the Order of Alimony, the court took into consideration the fact that [plaintiff] would be receiving $494.00 per month upon retirement from [defendant's] 401(k) via a qualified domestic relations order. Had the court known that said funds would not be available to [plaintiff] then other provisions would have been made for [plaintiff's] support.
c. The Order of Equitable Distribution and the Order of Alimony were integral to each other in that the court took into consideration funds available to [plaintiff] pursuant to the Order of Equitable Distribution ( [defendant's] 401(k), her social security benefits, etc.) when determining [plaintiff's] need for support-both the amount she needed and the length of time she needed it.
....
e. In determining the amount of [defendant's] alimony obligation, the court factored in the amount of money that would be available to the [plaintiff] on a monthly basis from her share of [defendant's] 401(k).
Defendant appeals only from the 20 March 2017 order. As of the date defendant filed notice of appeal, the bankruptcy matter remained pending and no order has been entered as to whether defendant's obligation to pay plaintiff 401(k) proceeds is a dischargeable debt in defendant's bankruptcy.
_________________________
On appeal, defendant contends the trial court abused its discretion when it (I) determined that the distribution scheme set forth in its equitable distribution order was in the nature of support; and (II) found that if plaintiff's share of defendant's retirement account is discharged in defendant's pending bankruptcy proceeding, that would be considered a material circumstance which could constitute a basis or modification of defendant's alimony obligation.
However, as a threshold matter, we address plaintiff's contention that defendant's appeal must be dismissed because the order from which defendant appeals is interlocutory and not immediately appealable.
Appeal properly lies from a final judgment. N.C. Gen. Stat. § 1-277(a) (2015). "A final judgment is one which disposes of the cause as to all parties, leaving nothing to be judicially determined between them in the trial court." Atkins v. Beasley , 53 N.C. App. 33, 36, 279 S.E.2d 866, 869 (1991) (quoting Bailey v. Gooding , 301 N.C. 205, 209, 270 S.E.2d 431, 433 (1980) ). An order is interlocutory, on the other hand, if the order "does not determine the issues but directs some further proceeding preliminary to the final decree." Greene v. Charlotte Chem. Labs., Inc. , 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." Goldston v. Am. Motors Corp. , 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).
Where an order is "on its face a final judgment," but "is actually a conditional one that would adversely affect [a party] only if and when" some final determination is made, this Court has held that such orders are interlocutory and not immediately appealable. Blue Ridge Sportcycle Co. v. Schroader , 53 N.C. App. 354, 357, 280 S.E.2d 799, 801 (1981).
In Blue Ridge Sportcycle Co. , this Court reasoned as follows:
[A]ppeal from the summary judgment in this case is ... objectionable in that, though on its face a final judgment, it is actually a conditional one that would adversely affect the plaintiffs only if and when it is determined that they cannot recover on their primary claims. At this stage in the proceeding, the appeal is premature, and this Court, if it now entertained the appeal, would be giving an advisory opinion on a matter that will not be in controversy if subsequently plaintiffs do not recover on their primary claims. The summary judgment is not final but interlocutory because further judicial action is necessary in order fully and finally to settle the rights of the parties.
Id.
In the instant case, the only final judgments are the equitable distribution and alimony orders, from which neither party has filed notice of appeal. Therefore, they are not before this Court. The order now on appeal is Judge Shuford's 20 March 2017 order entered in response to the directive from the bankruptcy court. Both orders clearly anticipate "further judicial action" on the part of the bankruptcy court, which has the ultimate authority to decide the controversy at issue between the parties. Id. Thus, the order now on appeal is "actually a conditional one that would adversely affect [defendant] only if and when it is determined that [he] cannot recover on [his] primary claim[ ]," see id. , namely, his claim that his obligations under the equitable distribution and alimony orders be deemed dischargeable debts in bankruptcy.
Accordingly, because the order on appeal is an interlocutory order which anticipates "further judicial action ... in order fully and finally to settle the rights of the parties," see id. , and defendant sets forth no argument on appeal that this interlocutory order affects a substantial right, Johnson v. Lucas , 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (2005) ("[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " (quoting N.C. R. App. P. 28(b)(4) ) ), we dismiss the appeal.
DISMISSED.
Report per Rule 30(e).
Judges DILLON and DIETZ concur.