R. B. DEAL CONSTRUCTION CO. v. JOHN HENRY SPAINHOUR AND ROBERT
D. SPAINHOUR, D/B/A SPAINHOUR BROTHERS CONTRACTORS

No. 8121SC1293

(Filed 16 November 1982)

**Rules of Civil Procedure § 60.4— setting aside judgment—appeal premature**

 Defendants' appeal from an order setting aside a judgment and granting a
new trial under Rule 60(b) was interlocutory and the appeal was premature.

APPEAL by defendant from *Walker, Judge.* Order entered 31
August 1981 in Superior Court, FORSYTH County. Heard in the
Court of Appeals 16 September 1982.

Plaintiff, a general contractor, brought an action against
defendants for breach of a construction subcontract. Defendants
filed an answer and counterclaimed against plaintiff for breach of
another contract between the parties involving the same con-
struction project. The case was tried before a jury during the
week of 5 March 1979 with Judge Walker presiding. Judge
Walker's charge to the jury included an instruction that plaintiff
must show a willful and intentional breach of contract. Plaintiff
objected to this portion of the charge, but no correction was
allowed. The jury, after deliberation, held against the plaintiff on
the original claim and on defendants' counterclaim. Immediately
following the verdict, plaintiff made an oral motion for judgment
notwithstanding the verdict or, in the alternative, for a new trial.
The court indicated it would consider the motion at a later time.

On 12 March 1979 a hearing was held in Judge Walker's
chambers, both parties being represented by counsel. At that
time Judge Walker ruled he had erred in his charge to the jury
and that plaintiff was entitled to a new trial on the original claim,
but that he would allow the verdict to stand as to the counter-
claim.

Counsel for both parties prepared documents reflecting the
above ruling. However, the order and judgment prepared by
defendants stated that the judgment on the counterclaim was
"with interest from October 14, 1974." The issue of interest from
14 October 1974 had not been submitted to the jury.

Judge Walker noticed the provision for interest only after
signing defendants' judgment. He then instructed the clerk to

hold the judgment and not enter it because of the interest provision. All documents pertaining to the judgment, including defendants' unsigned order, were placed in the court file by the clerk.

As both parties were unaware of this problem, the original claim was recalendared for the week of 11 May 1981, with Judge Mills presiding. During jury selection, Judge Mills pointed out that the order setting aside the prior jury verdict had not been signed, and he continued the case until a further hearing could be held before Judge Walker.

The hearing was held before Judge Walker on 24 August 1981, the earliest date possible since the judge had just returned from a leave of absence due to illness. This initial hearing was continued until 27 August 1981 so that plaintiff could file a formal motion pursuant to Rules 59 and 60. At the hearing Judge Walker set aside the jury verdict, as to the plaintiff's original claim, pursuant to Rules 60(a) and 60(b)(6). The judgment and order previously prepared by defendants were entered on 31 August 1981, absent the language referring to interest payment.

From this ruling, defendants appealed.

*Womble, Carlyle, Sandridge and Rice, by Allan R. Gitter and Richard T. Rice, for plaintiff-appellee.*

*Stover, Dellinger & Browder, by James L. Dellinger, Jr., for defendant-appellants.*

MARTIN (Robert M.), Judge.

Defendants have appealed from an order setting aside a judgment and granting a new trial under Rule 60(b) of the North Carolina Rules of Civil Procedure. The order entered pursuant to Rule 60(b), setting aside the judgment, is interlocutory and the appeal is premature. Similar to a grant of a 60(b) motion to set aside a default judgment, this order is not appealable as "it does not finally dispose of the case and requires further action by the trial court." See *Shaw v. Pedersen,* 53 N.C. App. 796, 798, 281 S.E. 2d 700, 701 (1981), quoting *Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E. 2d 431, 434 (1980).

Defendants have adequately preserved the question of the appropriateness of the trial court's order setting aside the judg-

ment and granting a new trial. That question may be raised, if necessary, upon an appeal from the final judgment following the retrial of plaintiff's original claim on its merits. Accordingly, defendants' appeal is

Dismissed.

Judges HEDRICK and HILL concur.