LINDA L. BLACKWELDER, PRESIDENT AND MEMBER OF STEELE CREEK RESIDENTS
ASSOCIATION FOR HERSELF AND ALL OTHER INTERESTED PERSONS AND WILLIAM B.
YOUNG, MEMBER, ARROWOOD INDUSTRIAL PARK ASSOCIATION FOR HIMSELF AND
ALL OTHER INTERESTED MEMBERS v. STATE OF NORTH CAROLINA DEPART-
MENT OF HUMAN RESOURCES, SARAH T. MORROW, M.D., M.P.H.,
SECRETARY AND HUGH H. TILSON, M.D., DIRECTOR AND SCA CHEMICAL
SERVICES, INC., 60 STATE STREET, BOSTON, MASSACHUSETTS 02109

No. 8210SC6

(Filed 18 January 1983)

Administrative Law § 4; Appeal and Error § 6.2— appeal from order determining
scope of review for administrative hearing—premature

An appeal from a superior court order determining the scope of review
for an administrative hearing involving a contested hazardous waste treatment
facility was premature as defendant failed to demonstrate that the order
deprived it of a substantial right which it would lose if the order was not
reviewed prior to the hearing. G.S. 1-277 and G.S. 7A-27.

APPEAL by respondent from *Brannon, Judge*. Order entered
28 August 1981 in Superior Court, WAKE County. Heard in the
Court of Appeals 18 October 1982.

The petitioners, Linda R. Blackwelder, et al., were granted
an administrative hearing before respondent, Department of
Human Resources (DHR), to review DHR's issuance of a permit to
respondent intervenor, SCA Chemical Services, Inc. (SCA) to
operate a hazardous waste incineration facility in Mecklenburg
County, N.C. A temporary restraining order and preliminary
injunction were issued to stay operation of the permit and con-
struction of the facility pending a final agency decision. SCA in-
tervened.

Petitioners sought to have the issue of SCA's fitness to
operate the facility, as evidenced by its past management and
operating practices, determined at the administrative hearing.
Petitioners were ordered to submit a complaint listing the con-
tested factual and legal issues. A hearing was held to consider
various motions and responses concerning the issues to be ad-
dressed in the permit review hearing. The hearing officer issued
an order striking petitioner's allegations of SCA's ties to organ-
ized crime in other states, price fixing, and SCA's violation of en-
vironmental and health regulations in connection with its facilities
in other states. The issue for hearing was designated as whether

the proposed facility satisfies the requirement for the issuance of the permit as set out in the applicable statutes and rules. Later the hearing officer, on his own motion, issued a clarification of the earlier order. The clarification states that the issues previously designated for hearing shall include the issues of whether the statutes and rules contain an express or implicit requirement that the owner of the proposed facility be a fit and proper person to exercise the privileges granted by that permit; and if so, whether SCA met that requirement.

SCA filed a motion in the cause in Superior Court seeking a determination of the proper issues for the hearing. Judge Brannon determined that the hearing officer's clarified issue of owner-fitness is relevant to the permitting process in this case. The court noted in passing that one of the statutes involved, G.S. 130-166.18(c), requires the promulgation and enforcement of rules concerning the management of hazardous waste including requirements for ownership. Judge Brannon entered an order holding that the issue of the owner's fitness is a germane issue and the hearing officer should allow testimony pursuant to that issue at the permit review hearing. From the entry of this order, respondent SCA appeals.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe and Irvin W. Hankins, III, for respondent appellant, SCA Chemical Services, Inc.*

*Attorney General Edmisten, by Assistant Attorneys General Robert R. Reilly and Thomas G. Meacham, Jr., for the State, respondent appellee.*

*Peter A. Foley, for the petitioner appellee.*

JOHNSON, Judge.

This is an appeal from a Superior Court order determining the scope of review for an administrative hearing involving a contested hazardous waste treatment facility. Appellant SCA argues that the court erred by determining that the fitness of the applicant to operate the facility could be considered in the permitting process when there is no requirement of "fitness" set out in the applicable rules and regulations. The petitioners correctly contend that the threshold question presented by this appeal is

whether the appellant's appeal from an interlocutory order is allowable. For the reasons set forth below, we conclude that the attempted appeal is premature. The action must run its course in the administrative agency.

General Statutes 1-277 and 7A-27, taken together, provide that no appeal lies to an appellate court from an interlocutory order or ruling of the trial judge unless such ruling or order deprives the appellant of a substantial right which he would lose if the ruling or order is not reviewed before final judgment. *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E. 2d 178 (1974); *accord, Funderburk v. Justice*, 25 N.C. App. 655, 214 S.E. 2d 310 (1975). A ruling is interlocutory in nature if it does not determine the issues but directs some further proceeding preliminary to final decree. *Greene v. Laboratories, Inc.*, 254 N.C. 680, 120 S.E. 2d 82 (1961); *Veazey v. City of Durham*, 231 N.C. 357, 57 S.E. 2d 377 (1950).

SCA concedes that Judge Brannon's ruling is interlocutory as it merely determines an issue to be addressed at the permit hearing, but contends that is immediately appealable because it affects a substantial right. SCA argues that introduction of the fitness issues into the administrative proceeding "drastically" changed its posture to the prejudice of SCA. In support of its argument, SCA makes the following assertions: (1) prior to entry of the order, the DHR's Division of Health Services had refused to take the owner's "fitness" into consideration in either the permitting or review process; (2) accordingly, the Division had defended SCA's permit against the third party challenge of the petitioners; and (3) as a result of the order, the Division has conducted a review of SCA's fitness and now refuses to defend the issuance of the permit, in a reversal of its earlier position. SCA contends that the order deprived SCA of "its right to have the State defend the issuance of the permit," altering the procedural posture of the administrative review process, and permitting the interjection of irrelevant material into that process, thus affecting a substantial right to SCA's prejudice. Therefore, an immediate appeal is needed to protect SCA's "right" to have the State defend its permit and to prevent the "unnecessary" course of procedure in a case where the question in need of appellate review is a strictly legal one, not requiring any factual analysis or support. SCA relies upon *Edwards v. Raleigh*, 240 N.C. 137, 81 S.E. 2d 273

(1954) and *Borden, Inc. v. FTC,* 495 F. 2d 785 (7th Cir. 1974) to establish an exception to the general rule against interlocutory appeals of agency decisions where the only issue needing resolution is a legal one.

The Department of Human Resources, appellee in this appeal, joins SCA in requesting immediate review of Judge Brannon's order due to the "time and cost an administrative hearing would involve" and in the interests of judicial economy and consistency.

As the Supreme Court recently noted, "the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied." *Waters v. Qualified Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). "It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Id.* The case *sub judice* presents a somewhat unique factual situation and procedural context. Our research discloses no case directly on point. However, it is apparent that our courts have recently taken a restricted view of the "substantial right" exception to the general rule prohibiting immediate appeals from interlocutory orders. *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Waters v. Qualified Personnel, Inc., supra; Davis v. Mitchell,* 46 N.C. App. 272, 265 S.E. 2d 248 (1980). *See also Smart v. Smart,* 59 N.C. App. 533, 297 S.E. 2d 135 (1982); *Leasing Corp. v. Myers,* 46 N.C. App. 162, 265 S.E. 2d 240 (1980).

In *Waters* the defendant attempted to appeal from an order setting aside summary judgment in defendant's favor. The Supreme Court concluded that the defendant's rights are fully and adequately protected by an exception to the order which may then be assigned as error on appeal should final judgment go against it, and held that the appeal was premature. Regarding the defendant's claim that a substantial right had been affected, the Court stated:

> All defendant suffers by its inability to appeal Judge Long's order is the necessity of rehearing its motion. The avoidance of such a hearing is not a 'substantial right' entitling defendant to an immediate appeal. Neither, for that matter, is the avoidance of trial which defendant might have to undergo

should its motion and plaintiff's motion for summary judgment (which is still pending) both be denied.

*Waters,* 294 N.C. at 208, 240 S.E. 2d at 344. Similarly, in *Industries* the Supreme Court held that a partial summary judgment rendered on the issue of liability alone is not appealable on the theory that it affects a substantial right of defendant and will work injury to it if not corrected before an appeal from the final judgment. The Court again noted that if the ruling is in error, the defendant can preserve its right to complain of the error on appeal from the final judgment by a duly entered exception. "Even if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages." *Industries,* 296 N.C. at 491, 251 S.E. 2d at 447.

"The reason for these rules is to prevent fragmentary, premature and unnecessary appeals by permitting the trial divisions to have done with a case fully and finally before it is presented to the appellate division." *Waters,* 294 N.C. at 207, 240 S.E. 2d at 343.

Taken together, *Waters* and *Industries* establish that avoidance of a rehearing or trial is not a "substantial right" entitling a party to an immediate appeal. *Accord, Davis v. Mitchell, supra.* The right must be one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment. In other words, the right to immediate appeal is reserved for those cases in which the normal course of procedure is inadequate to protect the substantial right affected by the order sought to be appealed.

Turning to the case under discussion, SCA argues that the order affected its "right" to have the State defend the issuance of the permit. No authority is cited in support of SCA's contention that it has a right to the State's defense. The record discloses that the permit was initially issued without DHR's observance of the proper administrative procedures designed to protect the petitioners' rights of due process. Accordingly, the petitioners were granted an administrative hearing to review issuance of the permit. Until the time of a final agency decision, the agency is free to reconsider its decision concerning the issuance of a permit. *In re Savings and Loan Assoc.,* 53 N.C. App. 326, 280 S.E. 2d 748 (1981). Therefore, DHR is under no "duty," as such, to defend is-

suance of the permit and SCA entitled to no "right" to have the State's defense. Accordingly, no "right" was lost by reason of Judge Brannon's order.

We note, in passing, two facts. First, the issue of owner or corporate "fitness" was initially recognized by the administrative hearing officer. Judge Brannon's order merely affirms that the issue as formulated by the hearing officer is a germane issue and that petitioners may present evidence on it. It is not entirely accurate to assert, as SCA does, that Judge Brannon's order *caused* DHR to reverse its position on "fitness." Second, the "no defense" letter issued by the Division of Health Services, which forms the basis of SCA's contention that the order changed the procedural posture of the case, states that the Division will not defend "on other than technical grounds" the issuance of the subject permit. It is this Court's understanding that SCA brings this appeal on the basis of its legal argument that the application for a permit is to be judged solely upon "technical grounds" and not upon SCA's past practices in managing similar facilities in other states. Accordingly, it is unclear exactly what "right" to a defense SCA has lost by virtue of Judge Brannon's order if DHR will defend the permit on "technical grounds."

The core of SCA's argument is that it is entitled *not* to have evidence presented at the administrative hearing regarding its past practices in managing other hazardous waste treatment facilities. SCA contends that its "fitness" as a plant owner is irrelevant to the permitting process, and the fitness issue ought not to be addressed to avoid an unnecessary course of procedure. SCA cites *Edwards v. City of Raleigh, supra,* as authority for a right to immediate appeal.

It is clear that a hearing must, in any event, be held in this case. Appellant SCA seeks to avoid a portion of that hearing. Under the rule announced in *Waters, supra,* and *Industries, supra,* avoidance of a rehearing or trial is not a "substantial right." Certainly then, avoidance of a *portion* of an administrative hearing is not a "substantial right." Even if SCA is correct in its legal position, the most it will suffer from being denied an immediate appeal is a portion of a hearing on the issue of fitness. As in *Industries* this does not give rise to a right of immediate appeal.

SCA's reliance upon *Edwards v. Raleigh* is misplaced. *Edwards* involved an appeal from the Superior Court's interlocutory order remanding the cause to the Industrial Commission for a hearing on the plaintiff's newly discovered evidence. The Supreme Court accepted the defendant's appeal under its supervisory power, N.C. Const. Art. IV, Sec. 8, to avoid a "wholly unnecessary and circuitous course of procedure." 240 N.C. at 139, 81 S.E. 2d at 275. Remand to the Industrial Commission was considered unnecessary in *Edwards* because the parties initially submitted the case upon an agreed statement of facts. As the plaintiff was thus unable to go outside the stipulated facts, a further hearing by the Industrial Commission was found to be "inconvenient, expensive and futile." *Id.*

*Edwards* is distinguishable in that the parties in the case under discussion have not yet had the opportunity to present their evidence, are not bound by an agreed statement of facts, and must, in any event, appear for a hearing before the Department of Human Resources. A hearing, yet to be held, cannot be considered unnecessary.

Nor does the order under discussion fall within the exception to the general rule prohibiting interlocutory appeals of agency decisions when the issue involved is a strictly legal one as set forth in *Borden, Inc. v. FTC, supra.* In the course of addressing the issue of exhaustion of administrative remedies prior to seeking judicial intervention, the Seventh Circuit stated the following rules:

> It is well settled that ordinarily courts will not interfere with an agency until it has completed its action and that administrative remedies may be bypassed only if (1) the agency has clearly violated a right secured by statute or agency regulation . . . (2) the issue involved is a strictly legal one not involving the agency's expertise or any factual determinations . . . or (3) the issue cannot be raised upon judicial review of a later order of the agency. (Citations omitted.)

495 F. 2d at 786-87. SCA correctly argues that the issue involved is a strictly legal one—the interpretation of a statute—however, this issue may be raised upon judicial review of the agency's final decision regarding SCA's permit to operate the facility. The Division of Health Services has as yet made only the decision to con-

sider whether a review of owner or corporate fitness is required by the applicable statutes and if so, whether SCA meets those requirements. The standard of review will not be altered if the question of whether SCA's past practices in managing similar facilities is germane is postponed until final appeal of the agency's determination of the permit issue. *See Jewel Companies, Inc. v. FTC*, 432 F. 2d 1155, 1159 (7th Cir. 1970). Allowing the DHR's Division of Health Services to proceed with the hearing, take evidence upon all the contested factual and legal issues, apply its expertise in the area of hazardous waste management, and render a fully informed final decision upon the issuance of SCA's permit can only serve to clarify the issues which may then be presented for judicial review pursuant to the normal course of procedure outlined in G.S., Chap. 150A, Art. 4.

SCA's attempted appeal of this agency action on the grounds of the vagueness, subjectivity, and irrelevancy of corporate fitness as a requirement for obtaining the permit in question is fragmentary, premature, and may ultimately prove to be unnecessary. SCA has not demonstrated that Judge Brannon's order deprives SCA of a substantial right which it will lose if the order is not reviewed at this time. Therefore, the appeal must be dismissed.

Dismissed.

Judges ARNOLD and HILL concur.