MARILYN SUE RUDD COLEMAN v. THOMAS VESTAL COLEMAN, SR.

No. 8415DC707

(Filed 7 May 1985)

1. **Rules of Civil Procedure § 16— relief from order—child support order as final order—alimony pendente lite order not final**

    A child support order was a "final" order within the purview of G.S. 1A-1, Rule 60(b) even though it could be modified upon a showing of changed circumstances. However, an order for alimony pendente lite is not a "final" order that can be a proper subject of a G.S. 1A-1, Rule 60(b) motion for relief from judgment.

2. **Rules of Civil Procedure § 60.3— insufficient evidence to support finding—no ground for relief from judgment**

    Defendant's contention that the evidence did not support a finding by the trial court concerning defendant's ability to pay child support does not amount to a showing of mistake, misrepresentation, or any of the other grounds stated in G.S. 1A-1, Rule 60(b) for granting relief from a judgment.

**3. Divorce and Alimony § 21.5— ability to pay support while in prison—rental property—contempt of court**

The evidence supported the trial court's finding that defendant owned a house by an unrecorded deed and was entitled to rents and profits from the house. Moreover, evidence that the house generated $200 per month in rental income established defendant's ability to pay $200 per month for child support and alimony pendente lite while he was in prison and supported the trial court's determination that defendant's failure to pay was willful and in contempt of court.

**4. Divorce and Alimony § 18.16— alimony and child support action—attorney fees —insufficient findings**

The trial court's findings were insufficient to support its award of attorney fees to plaintiff in an action for alimony and child support where the court failed to make findings as to the attorney's skill, his hourly rate, its reasonableness in comparison with that of other attorneys, what he did, and the hours he spent.

**5. Appeal and Error § 1— contentions not cross-assignments of error—failure to give notice of appeal—absence of jurisdiction in appellate court**

The Court of Appeals had no jurisdiction to review plaintiff's contentions with respect to visitation rights granted to defendant since (1) the contentions are not cross-assignments of error because they do not concern an alternative basis for supporting the judgment, and (2) plaintiff failed to give any notice of appeal. App. Rule 10(d).

APPEAL by defendant from *Harris, W. S., Jr., Judge.* Order entered 6 October 1983 in District Court, ALAMANCE County. Heard in the Court of Appeals 14 February 1985.

Plaintiff filed a complaint on 17 December 1982 in which she asked for, *inter alia,* alimony, custody of the parties' minor child, and child support. Eleven days later defendant went to plaintiff's residence and shot her, causing serious injury. Defendant received a twenty-year prison sentence in May of 1983 upon his plea of guilty to assault with a deadly weapon with intent to kill inflicting serious injury.

On 28 July 1983 the trial court ordered that plaintiff have custody of the parties' minor child, that defendant pay plaintiff $150 per month for child support, and that defendant pay plaintiff $50 per month as alimony pendente lite. On 20 September 1983 the defendant moved for relief from judgment pursuant to G.S. 1A-1, Rule 60(b), and he also moved to be allowed visitation with his child. Plaintiff moved for an order to require defendant to show cause why he should not be held in contempt for failure to

pay child support and alimony pendente lite as previously ordered. The trial court heard all three motions on 6 October 1983, and after making findings of fact and conclusions of law, entered an order that (1) denied defendant's motion for relief from judgment, (2) found defendant in contempt for willful failure to pay $600 in child support and $200 in alimony that were in arrears, (3) required defendant to pay $880 toward plaintiff's attorney fees, (4) directed that defendant's personal property be sold and the proceeds applied toward payment of child support, alimony, and attorney fees for plaintiff, and (5) allowed defendant visitation once a month with his daughter. Defendant appeals.

*John P. Paisley, Jr., for plaintiff appellee.*

*Grady Joseph Wheeler, Jr., for defendant appellant.*

WEBB, Judge.

Defendant contends the trial court erred in denying his G.S. 1A-1, Rule 60(b) motion for relief from the judgment ordering him to pay child support, alimony pendente lite, and attorney fees. We note initially that the 28 July 1983 order that was the subject of the motion for relief from judgment did not require payment of attorney fees—it only ordered defendant to pay child support and alimony pendente lite. Nor did defendant's motion ask for relief from any order of attorney fees. Therefore no review of the denial of defendant's motion is necessary with respect to attorney fees.

[1] Plaintiff argues that G.S. 1A-1, Rule 60(b) applies by its terms only to "final" orders of judgments, and an order for payment of child support and alimony is not final since it may be subsequently modified, so defendant had no legal basis to seek relief from judgment under G.S. 1A-1, Rule 60(b). However, *Dishman v. Dishman*, 37 N.C. App. 543, 546, 246 S.E. 2d 819, 822 (1978) held that a custody order was a "final" order within the meaning of G.S. 1A-1, Rule 60(b) even though it could be modified subsequently upon a proper showing of change of circumstances under G.S. 50-13.7. The same rationale applies to orders for child support. Like custody orders, child support orders are not "final" orders only in the sense that they may be modified subsequently upon a motion in the cause and a showing of change of circumstances as provided in G.S. 50-13.7. Like custody orders, a party may seek

relief from a child support order pursuant to G.S. 1A-1, Rule 60(b). *See Walker v. Walker*, 59 N.C. App. 485, 297 S.E. 2d 125 (1982) and *Boyd v. Marsh*, 47 N.C. App. 491, 267 S.E. 2d 394 (1980) (both implicitly recognizing the appropriateness of a G.S. 1A-1, Rule 60(b) motion for relief from a child support order, but denying such relief on the particular facts involved).

An order for alimony pendente lite is also not "final" in the sense that it is subject to modification upon a motion in the cause and a showing of change of circumstances. G.S. 50-16.9. However, alimony pendente lite has another interlocutory aspect that distinguishes it from awards of custody, child support, and alimony that are not pendente lite. By definition alimony pendente lite is a temporary award made during the pendency of a judgment that will be final except for the possibility of modification for change of circumstances. G.S. 50-16.1(2). For this reason, pendente lite awards have been held to be nonappealable interlocutory orders. *Stephenson v. Stephenson*, 55 N.C. App. 250, 285 S.E. 2d 281 (1981). Given the interlocutory nature of an order for alimony pendente lite, which allows correction of any error at the district court's final hearing on the matter, we hold that such an order is not a "final judgment, order, or proceeding" that can be the proper subject of a G.S. 1A-1, Rule 60(b) motion. *See Sink v. Easter*, 288 N.C. 183, 217 S.E. 2d 532 (1975). Thus, the denial of defendant's motion pursuant to G.S. 1A-1, Rule 60(b) was correct as to the award of alimony pendente lite.

[2] With respect to the award of child support, we must assume the order was final, although subject to modification for change of circumstances, rather than pendente lite since there is no indication in the order that it is temporary or pendente lite. Thus, the child support order was properly the subject of G.S. 1A-1, Rule 60(b) motion by defendant. Nonetheless, defendant has failed to show an abuse of discretion in the trial court's denial of his motion. Defendant maintains that he does not possess the means to pay child support. The trial court's conclusion to the contrary was based on a finding that defendant owned a house that generated $200 per month in rental income. Defendant argues that the weight and sufficiency of the evidence were inadequate to support such a finding. This argument does not amount to a showing of "mistake," "misrepresentation," or any of the other grounds stated in G.S. 1A-1, Rule 60(b) for granting relief from an order.

This assignment of error has no merit for the reason set forth in *Town of Sylva v. Gibson*, 51 N.C. App. 545, 548, 277 S.E. 2d 115, 117, *appeal dismissed and disc. rev. denied*, 303 N.C. 319, 281 S.E. 2d 659 (1981): "It is settled law that erroneous judgments may be corrected only by appeal, and that a motion under G.S. 1A-1, Rule 60(b) of the Rules of Civil Procedure cannot be used as a substitute for appellate review." (Citations omitted.)

[3] Defendant next contends that the trial court erred in finding him in willful contempt for nonsupport and in concluding that he owned rental property. The parties stipulated that the last recorded deed for the property in question granted it to defendant's brother. Yet defendant lived in the house up to the time of his incarceration, paid for a homeowner's insurance policy covering the house, and never paid his brother rent for it. Plaintiff testified that defendant had admitted to her that the house had been put in his brother's name in 1974 to prevent his first wife from acquiring an interest in the house when she left defendant. Plaintiff further testified that defendant admitted that the house had been conveyed back to him. Additional evidence showed that the house had been rented for $200 per month since March of 1983. This evidence supported the trial court's finding and conclusion to the effect that the house had been deeded back to defendant after he transferred it to his brother in the 1974 recorded deed, that defendant owned the house by unrecorded deed, and that he was entitled to the rent and profits from the house. Defendant's failure to record his deed invalidates it only as against lien creditors and purchasers for a valuable consideration from his brother—neither of which are involved in this case. G.S. 47-18. Defendant's ownership of rental property generating $200 per month in income establishes his ability to pay $200 per month for child support and alimony pendente lite while he is in prison. The trial court properly concluded that defendant's failure to pay was willful, wanton and in contempt of court.

[4] Defendant last contends the trial court erred in ordering him to pay a partial allowance of attorney fees for the plaintiff in the amount of $880. The trial court made both a finding and a conclusion to the effect that plaintiff's attorney provided her with "valuable legal services" in the prosecution of this action. While the trial court's findings otherwise may be sufficient to support an award of attorney fees under G.S. 50-13.6 and 50-16.4, *see Hud-*

*son v. Hudson*, 299 N.C. 465, 263 S.E. 2d 719 (1980), the order fails to satisfy this Court's requirement of "findings as to the lawyer's skill, his hourly rate, its reasonableness in comparison with that of other lawyers, what he did, and the hours he spent." *Falls v. Falls*, 52 N.C. App. 203, 221, 278 S.E. 2d 546, 558, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 831 (1981). Therefore the case must be remanded for appropriate findings as to attorney fees.

[5] Plaintiff contends the trial court erred in several respects when it granted visitation rights to defendant. These contentions are not cross-assignments of error because they do not concern an alternative basis in law for supporting the judgment. N.C. Rules of Appellate Procedure, Rule 10(d). The trial transcript and record on appeal contain no indication that plaintiff gave notice of appeal within ten days of the order, or defendant's notice of appeal, or any other time. Accordingly, we have no jurisdiction to review the plaintiff's contentions. G.S. 1-279; N.C. Rules of Appellate Procedure, Rule 3(c).

Affirmed in part; remanded for additional findings.

Judges PHILLIPS and MARTIN concur.