FIRST AMERICAN SAVINGS & LOAN ASSOCIATION v. G. H. SATTER-
FIELD, JR., AND WIFE, JOYCE SATTERFIELD

No. 873SC79

(Filed 15 September 1987)

**Appeal and Error § 6.2— order setting aside clerk's judgment—appeal premature**
     Plaintiff's appeal from an order setting aside the clerk's judgment against defendants was premature because the order appealed from was not final, did not affect a substantial right, and would not work injury to plaintiff if not corrected before an appeal from a final judgment, since plaintiff was affected by its inability immediately to appeal the order setting aside the judgment only to the extent that it would be required to establish defendants' liability and the amount thereof by proper evidence, rather than by relying upon defendants' purported confession of judgment.

APPEAL by plaintiff from *Reid, Judge*. Order entered 31 October 1986 in Superior Court, PITT County. Heard in the Court of Appeals 25 August 1987.

On 31 May 1984, plaintiff made a construction/permanent loan in the maximum amount of $5,500,000.00 to Leisure Development of Greenville (Leisure), a North Carolina limited partnership, for the purpose of constructing a hotel upon property located in Greenville, N.C. The loan was secured by a deed of trust encumbering Leisure's real property. In addition, defendants G. H. Satterfield, Jr. and Joyce Satterfield executed an Unconditional Guaranty jointly and severally guaranteeing payment of the loan. The guaranty agreement provided, *inter alia*:

> Each Guarantor hereby authorizes, empowers and appoints
> Daniel H. Borinsky . . . as its attorney in fact pursuant to
> Chapter 1A-1, Rule 68.1 of the General Statutes of North
> Carolina to file with the Clerk of Superior Court of the Coun-
> ty in which each Guarantor resides or has real property in
> the State of North Carolina, a confession of judgment in
> favor of the Lender, or its successors or assigns, for such
> amount, including principal, interest, attorneys' fees and
> costs, as such Guarantor may be liable for to Lender by
> reason of this Guaranty.

Leisure subsequently defaulted. Plaintiff initiated foreclosure pro-
ceedings in August 1985, and the real property was sold in De-
cember 1985. An involuntary petition for bankruptcy was filed
against Leisure in the United States Bankruptcy Court for the
Eastern District of North Carolina and a trustee in bankruptcy
was appointed.

On 22 April 1986, defendants sent a letter to plaintiff pur-
porting to revoke the guaranty agreement and the appointment of
Daniel Borinsky as their attorney in fact for the purpose of con-
fessing judgment. On 8 May 1986, plaintiff gave written notice to
defendants that $844,626.02 remained due and payable on Lei-
sure's note after application of the proceeds of the foreclosure
sale. The notice demanded payment of that amount and informed
defendants of plaintiff's intention to enforce provisions of the note
and guaranty relating to attorney's fees.

On 18 July 1986, a "Statement Authorizing Entry of Judg-
ment" was filed in the office of the Clerk of Superior Court of
Pitt County by Daniel H. Borinsky as attorney-in-fact for each of
the defendants. The statement recited that it was filed pursuant
to G.S. 1A-1, Rule 68.1 and authorized entry of judgment in favor
of plaintiff against defendants jointly and severally in the prin-
cipal amount of $844,626.02, plus attorneys' fees in the amount of
$126,693.90, interest at the rate specified in the note from 8 May
1986, and all costs. On the same date the Clerk of Superior Court
of Pitt County entered judgment against defendants, jointly and
severally, in the above-stated amounts.

On 29 September 1986, defendants moved, pursuant to G.S.
1A-1, Rule 60(b), to set aside the judgment. Plaintiff appeals from

an order allowing defendants' motion and setting aside the judgment.

*Wyrick, Robbins, Yates, Ponton & Kirby, by Samuel T. Wyrick, III, and Mark C. Kirby, for plaintiff appellant.*

*Connor, Bunn, Rogerson & Woodard, P.A., by David M. Connor, for defendant appellees.*

MARTIN, Judge.

The question of whether or not an appeal lies from the superior court's order setting aside the judgment has not been presented or argued by either party to this appeal. It is well-established, however, that if the appealing party has no right of appeal, the appellate court should, on its own motion, dismiss the appeal even when the question of appealability has not been raised by the parties. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E. 2d 431 (1980). We conclude that plaintiff's appeal is premature and, accordingly, we dismiss it.

The order setting aside the 18 July 1986 judgment against defendants is not a final judgment. The order is interlocutory because further action by the trial court is necessary to settle and determine the entire controversy between the parties. *See Veazey v. City of Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950). Interlocutory orders are immediately appealable only if they affect a substantial right and will work injury to the appellant if not corrected before an appeal from a final judgment. G.S. 1-277(a), G.S. 7A-27(d), *Bailey v. Gooding, supra.* A right is substantial only if it "will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources,* 60 N.C. App. 331, 335, 299 S.E. 2d 777, 780 (1983).

As stated by our Supreme Court, the " 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.,* 294 N.C. 200, 208, 240 S.E. 2d 338, 343 (1978). Accordingly, the appellate courts of this State have previously held that an order setting aside

First American Savings & Loan Assoc. v. Satterfield

summary judgment in defendant's favor did not affect a substantial right of the defendant and, thus, was not immediately appealable. *Waters v. Qualified Personnel, Inc., supra.* Likewise, it has been held that an order setting aside an entry of default and default judgment did not affect a substantial right and was not appealable. *Bailey v. Gooding, supra. See also Hollingsworth GMC Trucks, Inc. v. Smith*, 249 N.C. 764, 107 S.E. 2d 746 (1959) (order setting aside judgment of nonsuit not appealable); *Cox v. Cox*, 246 N.C. 528, 98 S.E. 2d 879 (1957) (order setting aside clerk's entry of voluntary nonsuit not appealable). Taken together, these cases establish that "avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal." *Blackwelder v. Dept. of Human Resources, supra* at 335, 299 S.E. 2d at 780.

In the present case, no right of plaintiff will be lost by delaying its appeal until after a final judgment. Plaintiff is affected by its inability to immediately appeal the order setting aside the judgment only to the extent that it must establish defendants' liability and the amount thereof by proper evidence, rather than by relying upon the purported confession of judgment. Under the facts of this case, we do not consider the avoidance of having to affirmatively prove one's claim to be a substantial right. *See Bailey v. Gooding, supra; Waters v. Qualified Personnel, Inc., supra.* Moreover, plaintiff's exception to the order preserves its right to assign error to the order setting aside the 18 July 1986 judgment by confession should there be an appeal from the final judgment in the case. *Id.*

Appeal dismissed.

Judges BECTON and COZORT concur.