JULIA ANN CRAIG v. ROBERT LEE KELLEY

No. 8726DC447

(Filed 5 April 1988)

1. **Divorce and Alimony § 25— award of child custody to mother—sufficiency of evidence**

Evidence was sufficient to support the trial court's award of custody to plaintiff where it tended to show that plaintiff mother had had custody of the child since birth; plaintiff could provide the child with a proper living situation, love, and care; defendant had not visited the child in a substantial length of time; and defendant did not request visitation privileges or custody.

2. **Divorce and Alimony § 24— child support—custody requirement for bringing action met by mother**

Pursuant to N.C.G.S. § 50-13.4(a), plaintiff met the custody requirement for bringing an action for child support since the statute provides that any person bringing a proceeding for custody may institute an action for support of such child; in her proceeding for modification of the support order, plaintiff also requested a formal adjudication of custody; plaintiff had been vested with custody since the birth of the child; and the statute did not specify that it required a judicial determination of custody before its provisions could be utilized by a person bringing a support action.

3. **Divorce and Alimony § 24.5— modification of support order—substantial change of circumstances**

Evidence was sufficient to support the trial court's finding that there had been a substantial change of circumstances warranting an increase in child support where the court found that the child had turned five and had started school, and the court made specific findings as to the cost of his needs for food, shelter, clothing, and medical expenses, among other things. N.C.G.S. § 50-13.7(a).

4. **Divorce and Alimony § 27— child custody and support—award of attorney's fees proper**

In an action for child custody and support, the trial court did not err in ordering defendant to pay $400.00 in attorney's fees where the court made specific findings based on adequate evidence that plaintiff's income was insufficient to cover her expenses and pay litigation costs, and the court made findings as to the time plaintiff's counsel had spent pursuing the matter, his level of skill, and prevailing legal rates.

APPEAL by defendant from *Bissel, Judge.* Judgment entered 27 January 1987 in District Court, MECKLENBURG County. Heard in the Court of Appeals 16 November 1987.

This is an appeal from an order granting affirmative relief on a motion in the cause seeking an increase in child support.

*Shelley Blum for plaintiff-appellee.*

*Tucker, Hicks, Moon, Hodge and Cranford, P.A., by Michael F. Schultze, for defendant-appellant.*

JOHNSON, Judge.

On 29 October 1984 the State of North Carolina commenced an action for child support against defendant on behalf of plaintiff for support of the minor child, Jonathan Robert Kelley, born on 15 September 1981. Defendant had acknowledged paternity on 25 September 1984 and an order of paternity was entered on 2 October 1984.

On 8 January 1985, plaintiff's motion for support came on for hearing and the court ultimately ordered defendant to pay child support in the amount of $140.00 biweekly.

On 29 October 1986, plaintiff filed a motion, which is the subject of the present appeal, seeking an increase in child support. In it she alleged a substantial change of circumstances evidenced by an increase in defendant's income and an increase in the needs of the minor child who had since reached five years of age. Plaintiff also requested that a formal adjudication of custody be entered in her favor. On the same day plaintiff also filed a motion for child support garnishment alleging that defendant was $370.00 in arrears and requesting that $510.00 per month be garnished from his earnings to insure payment of child support.

The matters noted above came on for hearing on 5 January 1987 and a final order was entered on 27 January 1987. The court concluded that there had been a substantial change in the needs of the child since the previous order concerning child support had been entered.

Utilizing the calculations contained in plaintiff's and defendant's financial affidavits, as well as the Mecklenburg County child support guidelines, the court increased defendant's child support

obligation from $140.00 biweekly to $220.00 biweekly. The court further determined that plaintiff, with whom the minor child had lived since birth, was a fit and proper person to have the care, custody and control of the minor child. Defendant was determined to be $160.00 in arrears on his support obligation and was ordered to pay same, but plaintiff's request to have defendant's wages garnished was denied. Finally, the court ordered defendant to pay $400.00 in attorney's fees to plaintiff's attorney. From this order defendant appeals.

Defendant presents twenty-three questions for our review which can basically be grouped into three categories: a challenge to the court's order as it concerned child custody; a challenge to the court's order as it concerned child support; and a challenge to the court's order as it concerned an award of attorney's fees to the plaintiff's attorney.

## Child Custody

We note at the outset that we find defendant's questions challenging the court's subject matter jurisdiction over the child custody matter wholly groundless and therefore decline to review them.

[1] Defendant next contends that the court erred in awarding custody to the plaintiff on the grounds of insufficiency of the evidence. He argues that there was insufficient evidence as a matter of law to support the court's finding of fact that it is in the best interests of the minor child that he continue to live with the plaintiff, and that she is a fit and proper person to have the care, custody and control of the minor child, as well as the conclusion of law stating the same.

It is well-settled that a court's findings of fact in proceedings to modify child custody orders are conclusive on appeal where they are supported by competent evidence. *Daniels v. Hatcher*, 46 N.C. App. 481, 265 S.E. 2d 429 (1980). A trial judge is vested with wide discretion in determining child custody and the decision will not be disturbed absent a clear abuse of that discretion. *Vuncannon v. Vuncannon*, 82 N.C. App. 255, 346 S.E. 2d 274 (1986).

Reviewing the facts of the case *sub judice*, and bearing these principles in mind, we find that we agree with plaintiff that there

was plenary evidence upon which the court could base its award. The evidence considered at the hearing showed the following: that plaintiff mother has had de facto custody of the child since birth; that plaintiff works for the City of Charlotte; that plaintiff stated in her motion for a formal adjudication of custody that "[i]t is in the best interests of Jonathan that he continue to live with his mother, . . . and she can provide him with a proper living situation love and care"; and that defendant has not in fact visited the child in a substantial length of time, nor has he requested visitation privileges or custody.

The court eventually found as a fact that "[i]t is in the best interests of Jonathan that he continue to live with his mother, plaintiff herein, with whom he has lived since birth, and she can provide him with a proper living situation, love, and care." The court also ultimately concluded that "[p]laintiff is a fit and proper person to have the custody of a minor child and it is in the best interests of the child to be in her custody."

In light of the fact that defendant has not requested custody, or even visitation privileges for that matter, we are somewhat perplexed by his challenge to the court's order awarding custody to the plaintiff. At any rate, however, we hold that the court's findings and conclusions of law were supported by competent evidence and there was no abuse of discretion by the trial judge.

## CHILD SUPPORT

Thirteen of defendant's Assignments of Error concern the issue of child support.

[2] Defendant first contends that the trial court erred in awarding child support to the plaintiff on the grounds that she did not have custody of the minor child and G.S. 50-13.4(a) requires any person instituting an action for support of the minor child to be vested with custody of such minor child. This argument fails for two basic reasons. First, G.S. 50-13.4(a) provides that any person having custody of a minor child, "or bringing an action or proceeding for the custody of such child, . . . may institute an action for the support of such child. . . ." In her proceeding for modification of the support order, plaintiff also requested a formal adjudication of custody. The request was granted and we have affirmed that ruling on appeal. Second, plaintiff had been vested

with de facto custody since the birth of the minor child. G.S. 50-13.4(a) does not specify that it requires a judicial determination of custody before its provision can be utilized by a person or agency bringing an action for support. Thus, plaintiff met the custody requirement.

Next, defendant contends that the trial court committed error in finding that he was $160.00 in arrears at the time of the hearing because such a finding was contrary to the evidence. We agree. Plaintiff has conceded in her brief that counsel had made a $100.00 error in addition and the order should be corrected to reflect the true amount of the arrearage. Therefore, the order should be corrected to reflect that at the time of the hearing defendant was $60.00 in arrears and not $160.00 as noted.

[3] By his next Assignment of Error defendant argues that the court erred in finding that there had been a substantial change of circumstances warranting an increase in child support. We do not agree. G.S. 50-13.7(a) provides in part that:

> An order of a court of this State for support of a minor child may be modified or vacated at any time, upon motion in the cause and a showing of changed circumstances by either party or anyone interested subject to the limitations of G.S. 50-13.10.

The court is required to make findings of specific facts pertaining to what actual past expenditures have been in order to determine the amount of support necessary to meet the reasonable needs of the child for health, education, and maintenance. *Steele v. Steele*, 36 N.C. App. 601, 244 S.E. 2d 466 (1978). In addition, in order to modify a support order, there must be findings of fact, based upon competent evidence, that there has been a substantial change of circumstances affecting the needs of the child. *Gibson v. Gibson*, 24 N.C. App. 520, 211 S.E. 2d 522 (1975).

From the evidence offered at the hearing through testimony, a review of the record and financial affidavits of both plaintiff and defendant, the court made the following pertinent findings of fact:

> There has been a substantial change in the needs of the child in that his needs have increased since the entry of the last order. In particular, he is now five and has started school. Jonathan's expenses and share of expenses have in-

creased for shelter from $197.00 to $248.00 per month; in his clothing from $15.50 to $30.00, for Duke Power from $37 to $41; $6.50 for kerosene, for food from $30 to $62.50; for dental costs to $10.00; and for automobile expenses from $121 to $178, as determined by comparing plaintiff's earlier and later affidavits, and utilizing her testimony in court. Although his mother's total costs have increased by $55.00 per month, and her income has increased by $45.00 per month, the costs for the child have substantially increased while her income increase must be divided among plaintiff, her other 12 year old child, and Jonathan. Plaintiff is not married and earns $1,505.25. The needs of the child are $536.36 per month, as stated in the plaintiff's affidavit of financial standing & this amount is reasonable. (MRB)

In addition the court found that:

[d]efendant's income is as stated in his affidavit: $1,052.38 per bi-weekly pay period, or $2,280.16 per month. Defendant's expenses are such that he has, and has had at all times pertinent hereto, the ability to pay child support from his earnings at the Post Office, without regard to any earnings he may have from his business. The Court is unable to determine how much, if any, he earns from the construction business. His expenses as stated on his affidavit are $1,870.16 per month, and these are inflated, as stated above.

We hold that there was competent evidence in the record to support these findings of fact and find no reasons to disturb the order increasing defendant's biweekly child support obligation from $140.00 to $220.00.

We have carefully reviewed defendant's remaining arguments on the issue of child support modification and find them all meritless.

### ATTORNEY'S FEES

[4] Defendant alleges that the trial court erred in ordering him to pay $400.00 in attorney's fees on the ground that there was insufficient evidence to support the award, findings of fact or conclusions of law. Again, we do not agree.

G.S. 50-13.6 permits the court, when hearing an action for child support, including modification of an existing order, to order

payment of a reasonable attorney's fee "to an interested party acting in good faith who has insufficient means to defray the expenses of the suit." When proceeding under this provision, the court must find as fact that the request has been made in good faith, that the movant has insufficient means to defray the expenses of the suit, and that the party ordered to pay support had refused to pay adequate support under the circumstances existing at the time the action was instituted. *Boyd v. Boyd*, 81 N.C. App. 71, 343 S.E. 2d 581 (1986).

When reviewing an order concerning the award of attorney's fees as it concerns the amount awarded, we are required to affirm it in the absence of an abuse of discretion by the trial judge. *Atwell v. Atwell*, 74 N.C. App. 231, 328 S.E. 2d 47 (1985). With these principles in mind, we shall proceed.

Evidence was introduced at the hearing to the effect that plaintiff's attorney contacted defendant in the form of a letter to request support payments. The request was not honored. In its findings of fact the court noted, after reviewing the financial affidavits, that "plaintiff's income [was] insufficient to cover her expenses, those of her children, and pay the expenses of litigating this matter." The court also made specific findings of fact concerning the time plaintiff's counsel had spent pursuing the matter, 5½ hours, his level of skill and expertise, fifteen years of practice, and the prevailing rates for this type of case, $100.00 per hour for out of court work and $110.00 per hour for in court work, before ordering defendant to pay $400.00 in counsel fees which represents a portion of the total fees in this matter.

We, therefore, hold that these findings of fact were supported by competent evidence and the trial judge did not abuse his discretion in awarding attorney's fees to plaintiff.

It is for the foregoing reasons that we affirm the trial court's order in all respects, except to remand the action so that the true amount of the child support arrearage, $60.00 as opposed to $160.00 as incorrectly reported, can be reflected.

Affirmed and remanded.

Judge COZORT concurs.

Judge WELLS concurs in the result.