TERRY BANNER, Plaintiff v. JERRY EARL HATCHER, Defendant

No. COA96-7

(Filed 5 November 1996)

**Appeal and Error § 106 (NCI4th)— modification of child support—order setting aside judgment—no immediate appeal**

The trial court's order setting aside a judgment modifying child support and granting a new trial on the issue of whether there had been a substantial change of circumstances was interlocutory, did not affect a substantial right, and was not immediately appealable.

**Am Jur 2d, Appellate Review §§ 194 et seq.**

Appeal by defendant from order entered 22 September 1995 by Judge Roland H. Hayes in Forsyth County District Court. Heard in the Court of Appeals 25 September 1996.

Plaintiff and defendant are the parents of a minor child, Michael E. Banner, born out-of-wedlock on 1 March 1991. On 24 March 1992, the court entered approval of a voluntary support agreement ordering defendant to pay $302.00 in monthly child support. Because of a change in social security benefits received, this amount was reduced to $234.00 per month on 12 July 1993. Thereafter, on 15 November 1994, defendant filed a motion seeking another decrease in child support. After hearing, the trial court granted defendant's motion and reduced defendant's child support obligation to $143.00 per month. The trial court's order was entered on 26 January 1995 and plaintiff did not appeal.

On 7 March 1995, plaintiff through counsel filed a motion pursuant to Rule 60(b)(1), (2) and (6) to set aside the trial court's order of 26 January 1995 and pursuant to Rule 59(a) requesting a new hearing. On 22 September 1995, the trial court granted plaintiff's motion to set aside the order of 26 January 1995, granted plaintiff's motion for a new hearing, and reinstated the previous order obligating defendant to pay $234.00 per month in child support.

Defendant appeals.

*Smith & Murphrey, by Steven D. Smith and John R. Combs, for plaintiff-appellee.*

*D. Blake Yokley for defendant-appellant.*

EAGLES, Judge.

Defendant purports to appeal the trial court's grant of plaintiff's motion pursuant to Rule 60(b) to vacate and set aside the trial court's previous order of 26 January 1995. Although the issue is not raised by either party, we recognize that "[a]ppeals from such orders must be dismissed as interlocutory." *Braun v. Grundman,* 63 N.C. App. 387, 388, 304 S.E.2d 636, 637 (1983) (citing *Bailey v. Gooding,* 301 N.C. 205, 209, 270 S.E.2d 431, 433-34 (1980)).

The trial court's order of 22 September 1995 setting aside judgment and granting a new trial is not an appealable final order. *See, e.g., Dunlap v. Dunlap,* 81 N.C. App. 675, 676, 344 S.E.2d 806, 807, *disc. review denied,* 318 N.C. 505, 349 S.E.2d 859 (1986). Our analy-

sis is unchanged by the fact that the order set aside here was a child support order. As in other contexts, the trial court's order setting aside judgment here is interlocutory "because further action by the trial court is necessary to settle and determine the entire controversy between the parties." *First American Savings & Loan Assoc. v. Satterfield*, 87 N.C. App. 160, 162, 359 S.E.2d 812, 813 (1987).

The sole issue before the trial court here is whether circumstances have changed sufficiently that a modification of child support is justified. That issue remains unresolved. In the child support context, an order setting child support is not a final order for purposes of appeal until no further action is necessary before the trial court upon the motion or pleading then being considered. *See, e.g., Massey v. Massey*, 121 N.C. App. 263, 268-70, 465 S.E.2d 313, 316-17 (1996); *Craig v. Kelley*, 89 N.C. App. 458, 459, 366 S.E.2d 249, 250 (1988); *Coleman v. Coleman*, 74 N.C. App. 494, 496-97, 328 S.E.2d 871, 872-73 (1985). Under this standard, an order providing for temporary child support is not an appealable final order, whereas an order providing for permanent child support until emancipation is an appealable final order even though permanent child support orders "may be modified subsequently upon a motion in the cause and a showing of change of circumstances as provided in G.S. 50-13.7." *Massey*, 121 N.C. App. at 269, 465 S.E.2d at 317 (quoting *Coleman*, 74 N.C. App. at 496, 328 S.E.2d at 872). We note that this is the same standard we apply when we review orders regarding alimony. *Gillespie v. Gillespie*, 116 N.C. App. 660, 661, 448 S.E.2d 857, 858 (1994).

As the trial court correctly noted in its order setting aside judgment, the child support order of 12 July 1993 remains in effect pending final resolution by the trial court of the question of whether there has been a substantial change of circumstances since 12 July 1993. Determining that the child support amount established in the 12 July 1993 order remains in effect is ultimately no different in result than expressly ordering defendant to pay temporary child support during the pendency of the litigation. As we have recognized, an order providing for temporary child support is interlocutory and not an immediately appealable final order. *Coleman*, 74 N.C. App. at 497, 328 S.E.2d at 873. Accordingly, because further action is necessary before the trial court, we conclude that plaintiff's appeal here is interlocutory. *First American Savings & Loan*, 87 N.C. App. at 162, 359 S.E.2d at 813.

Having determined that the trial court's order setting aside judgment and granting a new trial is interlocutory, we recognize that

"[i]nterlocutory orders are immediately appealable only if they affect a substantial right and will work injury to the appellant if not corrected before an appeal from a final judgment." *Id.* "A right is substantial only if it 'will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment.'" *Id.* (quoting *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983)). Here, allowing the trial court to proceed with rehearing will not cause appellant's rights to be clearly lost or irremediably affected. As we have recognized, the "avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal." *Blackwelder*, 60 N.C. App. at 335, 299 S.E.2d at 780.

We note also here that defendant has "adequately preserved the question of the appropriateness of the trial court's order setting aside the judgment and granting a new [hearing]." *Deal Construction Co. v. Spainhour*, 59 N.C. App. 537, 538-39, 296 S.E.2d 822, 823 (1982). Defendant may raise that question, if necessary, upon an appeal from the final order determining whether or not a change of circumstances has in fact occurred. Accordingly, defendants' appeal is dismissed.

Dismissed.

Judges MARTIN, JOHN C., and SMITH concur.