An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-453

NORTH CAROLINA COURT OF APPEALS

Filed:  4 February 2014

RANDY AARON INGLE,
    Plaintiff


v.                                        Catawba County
                                          No. 12 CVD 2053


AMANDA B. INGLE,
    Defendant


Appeal by plaintiff from order entered 16 January 2013 by Judge Gregory R. Hayes in Catawba County District Court.  Heard in the Court of Appeals 24 October 2013.

> *Crowe & Davis, P.A., by H. Kent Crowe, for Plaintiff.*

> *Sigmon, Isenhower & Barkley, by C. Randall Isenhower, for Defendant.*

ERVIN, Judge.

Plaintiff Randy Aaron Ingle appeals from an order setting aside a judgment of absolute divorce and authorizing the consideration of certain claims advanced by Defendant Amanda B. Ingle.  On appeal, Plaintiff contends that the trial court erred by determining that Defendant had made an appearance in the case sufficient to preclude the entry of a default judgment, that Plaintiff had failed to adequately state a claim for absolute divorce, and that an earlier judgment should be set aside and

further proceedings conducted for the purpose of considering various claims that Defendant wishes to assert. After careful consideration of Plaintiff's challenges to the trial court's order in light of the record and the applicable law, we conclude that Plaintiff's appeal has been taken from an unappealable interlocutory order and should be dismissed.

## I. Factual Background

Plaintiff and Defendant were married on 16 June 1985 and lived together as husband and wife until they separated on 30 April 2011. On 27 July 2012, Plaintiff filed a complaint seeking an absolute divorce. A summons and Plaintiff's complaint were served on Defendant on 31 July 2012.

Shortly after service was effectuated upon Defendant, the parties had a number of discussions for the purpose of attempting to resolve all outstanding issues arising from the dissolution of their marriage, including a division of their property. During the 30 day period after the date upon which Defendant was served with the summons and complaint, Plaintiff sent a number of text messages to Defendant addressing the possibility that the two of them could reach agreement with respect to these issues. As a result of these communications, Defendant did not file an answer or other responsive pleading

prior to the expiration of the time for making such a filing specified in N.C. Gen. Stat. § 1A-1, Rule 12(a)(1).

On 13 September 2012, the trial court heard Plaintiff's request for an absolute divorce. Defendant had not been notified that the 13 September 2012 hearing would be held and did not appear at that hearing. On the same date, the trial court entered a judgment granting an absolute divorce.

On 7 December 2012, Defendant filed a motion seeking relief from the divorce judgment pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 and 60, and authorization to file an attached draft responsive pleading that asserted counterclaims for post-separation support, alimony, equitable distribution, injunctive relief, and attorney's fees. On 4 January 2013, Defendant filed an amended motion for relief from the divorce judgment in which she added an allegation that Plaintiff's complaint failed to adequately state a claim upon which relief could be granted predicated on the theory that Plaintiff had failed to allege that the parties had lived continuously separate and apart from each other for one year prior to the filing of the complaint. On 4 January 2013, Defendant filed an affidavit setting out her account of the events that led to the entry of the judgment and attached certain text messages that she had received from Plaintiff.

Defendant's motion for relief from the divorce judgment was heard before the trial court on 8 January 2013. On 16 January 2013, the trial court entered an order concluding that "Defendant's failure to file a response was due to reasonable mistake, inadvertence, surprise and excusable neglect"; that "insufficient notice was given to the Defendant prior to the entry of said divorce"; and that "jurisdictional requirements were not met with regard to the allegations in the Complaint by the Plaintiff" and ordering that the divorce judgment be "set aside" and "have no force or effect," allowing the filing of Defendant's proposed responsive pleading, and allowing Plaintiff thirty days within which to file a response to Defendant's counterclaims. On 24 January 2013, Plaintiff filed a motion to dismiss Defendant's counterclaims for lack of subject matter jurisdiction pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) and noted an appeal to this Court from the 16 January 2013 order.

## II. Substantive Legal Analysis

"It is well established in this jurisdiction that if an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d

431, 433 (1980) (citing *Dickey v. Herbin*, 250 N.C. 321, 325, 108 S.E.2d 632, 635 (1959), and *Rogers v. Brantley*, 244 N.C. 744, 745, 94 S.E.2d 896, 896 (1956)). As a result, even though Defendant has not raised any challenge to our jurisdiction over this case, the first question that we must address and resolve is whether Plaintiff's appeal is properly before this Court.

"Judicial judgments, orders and decrees are either 'interlocutory or the final determination of the rights of the parties.'" *Bailey*, 301 N.C. at 208, 270 S.E.2d at 433 (citing N.C. Gen. Stat. § 1A-1, Rule 54(a)). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court," while "[a]n interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). The order at issue here, in which the trial court vacated the divorce judgment and authorized further proceedings relating to the counterclaims that Defendant wished to assert against Plaintiff, is clearly not an appealable final order, since "'further action by the trial court is necessary to settle and determine the entire controversy between the

parties.'" *Banner v. Hatcher*, 124 N.C. App. 439, 441, 477 S.E.2d 249, 250 (1996) (quoting *First American Savings & Loan Assoc. v. Satterfield*, 87 N.C. App. 160, 162, 359 S.E.2d 812, 813 (1987)); *see also Bradley v. Bradley*, 206 N.C. App. 249, 253, 697 S.E.2d 422, 425 (2010) (stating that "our courts have consistently held that appeals from orders allowing a Rule 60 motion are interlocutory"). Thus, the order that has been presented for our review in this case is clearly interlocutory in nature.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Our refusal to consider appeals taken from interlocutory orders is intended "to prevent fragmentary and premature appeals that unnecessarily delay the administration of justice and to ensure that the trial divisions fully and finally dispose of the case before an appeal can be heard." *Bailey*, 301 N.C. at 209, 270 S.E.2d at 434 (citing *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 207, 240 S.E.2d 338, 343 (1978), and *City of Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)). However, "'immediate appeal of interlocutory orders and judgments is available in at least two instances': when the trial court certifies, pursuant to N.C. [Gen. Stat.] § 1A-1,

Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C. [Gen. Stat.] §§ 1-277(a) and 7A-27(d)(1)." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) (quoting *Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999)). As a result of the fact that the trial court did not certify the order from which Plaintiff seeks to appeal for immediate review pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), and could not have properly done so given that the challenged order did not constitute a final judgment as to either a claim or a party, we lack the authority to reach the merits of Plaintiff's challenge to the trial court's order unless the challenged order affects a substantial right.

A substantial right is "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). "[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). In order to make the required showing, "[t]he appellant[] must present more than a

bare assertion that the order affects a substantial right; [he] must demonstrate *why* the order affects a substantial right." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516, *disc. review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009). If the appellant fails to make the required showing, his or her appeal is subject to dismissal. *Allen v. Stone*, 161 N.C. App. 519, 521, 588 S.E.2d 495, 497 (2003).

A careful review of Plaintiff's brief establishes that he has failed to advance "sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4). To put it simply, Plaintiff has failed to identify any substantial right of which he would be deprived in the absence of immediate appellate review. Aside from the fact that the "avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal," *Blackwelder*, 60 N.C. App. at 335, 299 S.E.2d at 780, "[i]t is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254. As a result, given that Plaintiff has failed to establish that we have jurisdiction over his challenge to the trial court's order, we conclude that Plaintiff's appeal

has been taken from an unappealable interlocutory order and should be dismissed.

### III. Conclusion

Thus, for the reasons set forth above, we conclude that Plaintiff's appeal has been taken from an unappealable interlocutory order and is not properly before us. As a result, Plaintiff's appeal should be, and hereby is, dismissed.

DISMISSED.

Judges GEER and STEPHENS concur.

Report per Rule 30(e).